396 P.2d 250

**The STATE of Arizona, Appellee,**

**v.**

**Lester Earl MURPHY, Jr., Appellant.**

**No. 1433.**

Supreme Court of Arizona.

En Banc.

Oct. 30, 1964.

Robert W. Pickrell, Atty. Gen., Charles N. Ronan, County Atty., and Robert J. Corcoran, Deputy County Atty., Maricopa County, for appellee.

John Campo, III, Phoenix, for appellant.

UDALL, Chief Justice.

This is an appeal by Lester Earl Murphy, Jr., hereinafter referred to as defendant, from a judgment of conviction rendered on a plea of guilty to first degree burglary in the Superior Court of Maricopa County.

The facts necessary to the determination of this appeal are as follows: The defendant was charged with two counts of burglary. Prior to the trial, a hearing was held on a motion by the defendant to suppress certain evidence alleging that it was obtained as a result of an illegal search and seizure. This motion was denied and the trial proceeded. Shortly before the case was to go to the jury, defense counsel made a motion to dismiss the second count of the charges against the defendant on the ground that the defendant will enter a plea of guilty to the one count of first degree burglary.

The trial court over objection by the State granted defendant's motion after advising the defendant of the circumstances and determining that the defendant with the aid of his counsel was fully aware of the consequences. The trial court accepted the defendant's guilty plea to count one and dismissed count two. He was sentenced and subsequently brought this appeal relying on the sole ground that the lower court committed error by denying the defendant's motion to suppress certain evidence on the ground that it was obtained pursuant to an illegal search and seizure.

■■■ The record shows that the defendant, who was represented by counsel, entered a plea of guilty. By his plea of guilty he has foreclosed any inquiry into the matter of the alleged illegal search and seizure. Thomas v. United States, 290 F.2d 696 (9th Cir. 1961); Alexander v. United States, 290 F.2d 252 (5th Cir. 1961); Swepston v. United States, 289 F.2d 166 (8th Cir. 1961); Warren v. United States, 232 F.2d 629 (5th Cir. 1956). When a defendant voluntarily and knowingly pleads guilty at his trial this constitutes a waiver of all nonjurisdictional defenses. The conviction and sentence which follow a plea of guilty are based solely and entirely upon said plea and not upon any evidence which may have been improperly acquired by the prosecuting authorities. Thomas v. United States, supra.

For the foregoing reasons we find no merit to the defendant's assignment of error.

Judgment affirmed.

LOCKWOOD, V. C. J., and STRUCK-MEYER, BERNSTEIN and SCRUGGS, JJ., concur.