518 P.2d 127

**STATE of Arizona, Appellee,**

v.

**James Lloyd MILLER, Appellant.**

**No. 2760.**

Supreme Court of Arizona,
In Banc.

Jan. 24, 1974.

Gary K. Nelson, Atty. Gen., Grove M. Callison, Asst. Atty. Gen., Phoenix, for appellee.

Irval L. Mortensen, Safford, for appellant.

LOCKWOOD, Justice:

Defendant, James Lloyd Miller, was charged with four counts: escape, first degree burglary, kidnapping with intent to commit robbery while armed with a gun, and armed robbery. The first three counts were dismissed upon entry of a guilty plea to the charge of armed robbery. Defendant was sentenced in accordance with the terms of the plea bargain to a term of from ten to fifteen years, to run concurrently with any sentence previously being served. Defendant now appeals from the judgment entered on his plea of guilty.

The record reveals that on October 23, 1972 the defendant escaped from the work camp on Mt. Graham where he was serving a sentence for a prior felony conviction. He and three other convicts broke into a forest service cabin and stole a gun. Later they robbed a civilian, took his truck, and forced him to accompany them.

On October 26, 1972 a complaint was filed against the defendant and the other escapees. The defendant was apprehended

and returned to the Arizona State Prison at Florence on January 4, 1973. The defendant filed a writ of habeas corpus with this court on March 12, 1973. This court ordered that the defendant be brought to trial within 45 days from the date of the order, March 27, 1973, or else the case should be dismissed with prejudice. Trial was set for May 8, 1973. On that day the defendant pleaded guilty to a charge of armed robbery pursuant to the terms of a plea bargain agreement.

In his appeal the defendant raises a number of issues. Briefly summarized the defendant contends that he did not knowingly, voluntarily, or intelligently make his guilty plea; he was denied his right to a speedy trial; and he was denied the right to the assistance of counsel at the preliminary stages of the proceedings against him.

 With regard to the first issue before us it appears that the defendant is alleging that the plea was not intelligently and voluntarily made because the elements of the offense to which he pleaded guilty were not explained to him. This court has repeatedly rejected this contention. State v. DeGrate, 109 Ariz. 143, 506 P.2d 1037 (1973). All that is required is that the court must be satisfied that there is a factual basis for the plea. State v. Tucker, 110 Ariz. 270, 517 P.2d 1266 (1974); State v. Herdon, 109 Ariz. 147, 506 P.2d 1041 (1973); State v. Anderson, 109 Ariz. 158, 506 P.2d 1052 (1973); State v. Williker, 107 Ariz. 611, 491 P.2d 465 (1971). It is apparent from the record that the admissions of the defendant in open court established a factual basis for the defendant's guilty plea to the charge. He admitted that he was part of a group which deprived the owner of his vehicle and personal property by fear, threats, or force, and that they forcibly took the vehicle and bound the owner and placed him in the camper part of the truck. Thus there can be no possibility in this case that a legally innocent person pleaded guilty.

■ Defendant also contends that he was not effectively advised of all his rights. He cites the failure of the court to advise him of his right to present evidence in his own behalf, the right to compel the attendance of witnesses, and the right to plead not guilty as grounds for setting the judgment and sentence aside. With that we cannot agree. In order for a guilty plea to be valid it must comply with the standards set forth by the United States Supreme Court in Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). Boykin, supra, only requires the defendant be advised of three rights. These rights are the privilege against self-incrimination, the right to a jury trial, and the right to confront one's accusers. A review of the record indicates that the defendant was affirmatively advised of his rights as required. In fact the court specifically asked him:

"THE COURT: You are giving up your right to a trial by jury, do you wish to do that?

"MR. MILLER: Yes, sir.

"THE COURT: You are giving up your right to be confronted by, and have the witnesses testify against you here in public court in your presence. Do you wish to give up that right?

"MR. MILLER: Yes, sir.

"THE COURT: You are giving up the right to remain silent and not have to give any testimony at all yourself. Do you wish to give up the right?

"MR. MILLER: Yes, sir."

Based on the foregoing we find that the defendant was fully advised of all his rights that are required by the law. There is absolutely no requirement that he be advised of any other rights in order to be able to enter a valid guilty plea.

■ Finally defendant argues that there was no finding that the plea was voluntary and not the result of threats, duress, and promises other than the plea bargain. There never has been an absolute requirement that there be a specific finding of an absence of threats, duress, or promises. In considering whether the guilty plea is valid, the record need only show that it was voluntarily made with an understanding of the nature of the charges and the consequences of the plea. State v. Tucker, supra; State v. Campbell, 107 Ariz. 348, 488 P.2d 968 (1971).

The record affirmatively shows that the guilty plea of the defendant was voluntarily made. The transcript reveals that the defendant was specifically asked:

"THE COURT: And do you do this (plead guilty) willingly without anybody coercing you or forcing you or pressuring you in any way?

"MR. MILLER: Yes, sir.

"THE COURT: And no commitment of any kind has been made to you as to your possible release date, or when the Parole Board will release you on this sentence?

"MR. MILLER: Yes, sir."

■ Defendant's second designation of error is that he was denied his right to a speedy trial. The law in Arizona has long been that a guilty plea constitutes a waiver of non-jurisdictional defenses. State v. Defoy, 109 Ariz. 159, 506 P.2d 1053 (1973); State v. Murphy, 97 Ariz. 14, 396 P.2d 250 (1964). By entering a plea of guilty to the charge, defendant thereby waived any question in regard to his right to a speedy trial or due process of law. State v. Tuggle, 101 Ariz. 216, 418 P.2d 372 (1966); State v. Alford, 98 Ariz. 124, 402 P.2d 551 (1965).

■ Defendant's third and final designation of error is that he was deprived of his right to the assistance of counsel when he was brought before a magistrate under Rule 16(A) of the Arizona Rules of Criminal Procedure, 17 A.R.S. At that point the record reveals that he was advised of his rights and counsel was appointed to represent him. Any irregularities were resolved at the time the defendant pleaded guilty.

Defendant was represented by counsel and waived his right to a preliminary hearing. He was expressly asked by the court twice if he wished to waive his right to a preliminary hearing and responded that he wished to.

■ In addition by pleading guilty a defendant waives his right to complain of irregularities occurring during the preliminary stages of the proceedings against him. State v. Scott, 17 Ariz.App. 183, 496 P.2d 609 (1972); State v. Nicholson, 109 Ariz. 6, 503 P.2d 954 (1972); State v. Hansen, 105 Ariz. 368, 464 P.2d 960 (1970).

Judgment affirmed.

HAYS, C. J., CAMERON, V. C. J., and STRUCKMEYER and HOLOHAN, JJ., concur.