551 P.2d 553

**STATE of Arizona, Appellee,**

v.

**Robin Cheryl LERNER, Appellant.**

**No. 3492.**

Supreme Court of Arizona,
In Banc.

June 21, 1976.

Bruce E. Babbitt, Atty. Gen., by William J. Schafer, III, and Galen H. Wilkes, Asst. Attys. Gen., Phoenix, for appellee.

Murray Rauth, Scottsdale, for appellant.

HOLOHAN, Justice.

Appellant, Robin Cheryl Lerner, was charged by information with the crime of possession of marijuana, a felony, in violation of A.R.S. § 36–1002.05. Appellant filed a motion to suppress the marijuana seized from her. The motion was denied. Appellant filed a request to reargue the motion to suppress. The court again heard oral argument on the motion, and the motion was again ordered denied. Subsequently, appellant executed a plea agreement whereby she withdrew her plea of guilty to the crime charged and entered a plea of guilty to the crime of possession of marijuana, a misdemeanor. The plea was accepted and appellant was ordered to pay a fine in the sum of $50.00.

On this appeal, appellant has challenged the constitutionality of the search and seizure in four particulars. The state, however, has replied with the assertion that appellant, by virtue of her plea of guilty, is foreclosed to raise objections to the manner in which evidence forming the basis of the information was obtained.

We stated in *State v. Murphy*, 97 Ariz. 14, 15, 396 P.2d 250, 250–51 (1964), that "[w]hen a defendant voluntarily and knowingly pleads guilty at his trial this constitutes a waiver of all nonjurisdictional defenses . . ." and forecloses "any inquiry into the matter of the alleged illegal search and seizure." A review of authority from other jurisdictions on this subject indicates that only two states permit a defendant who has pleaded guilty to be entitled to appellate review of a denial of the defendant's motion to suppress unlawfully obtained evidence. *People v. Lawson*, 1 Cal.App.3d 729, 81 Cal.Rptr. 883 (1969); *People v. Habel*, 18 N.Y.2d 148, 272 N.Y. S.2d 357 (1966). In both of these instances, however, appellate review was specifically authorized by prescribed provisions in the states' respective codes of criminal procedure. Cal.Penal Code § 1538.5(m) (1967); N.Y.Crim.Proc.Law § 710.70(2) (1971). Without such a special statutory exception, the general rule on this issue has been well-summarized in 1 C. Wright, Federal Practice and Procedure: Criminal § 175 (1969), as follows:

"The entry of a plea of guilty has the effect of admitting all material facts alleged in the charge. No further proof of the crime is required . . . . The plea is not merely evidence for the government. It is a formal criminal pleading, waiving a trial and defense, and leaving the court nothing to do but to impose sentence and enter judgment.

"A defendant who has pleaded guilty is not barred from claiming that the in-

dictment or information failed to state an offense, or that the statute under which he was charged is unconstitutional, or that the pleading showed on its face that the prosecution was barred by the statute of limitations. The plea of guilty does waive, however, all nonjurisdictional defects in the proceeding. *In particular, it bars any claim that the prosecution obtained evidence unlawfully, or that defendant was illegally detained, or that the prosecution constituted double jeopardy.*" (Footnotes omitted and emphasis supplied.) *See Hughes v. United States,* 371 F.2d 694 (8th Cir. 1967); *Hoffman v. United States,* 327 F.2d 489 (9th Cir. 1964); *Thomas v. United States,* 290 F.2d 696 (9th Cir. 1961), *cert. denied,* 368 U.S. 964, 82 S. Ct. 446, 7 L.Ed.2d 401 (1962).

We hold that appellant, by entering a knowing and voluntary plea of guilty with benefit of competent counsel, waived the right to contest on appeal the denial of the motion to suppress.

Affirmed.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HAYS and GORDON, JJ., concur.