553 P.2d 238

**STATE of Arizona, Appellee,**

v.

**Stuart Buckley ARNSBERG, Appellant.**

**No. 1 CA–CR 1255.**

Court of Appeals of Arizona,
Division 1, Department B.

July 29, 1976.

Bruce E. Babbitt, Atty. Gen. by William J. Schafer, III, Chief Counsel, Crim. Div., Lynn Hamilton, Asst. Attys. Gen., Phoenix, for appellee.

Dale L. States, Phoenix, for appellant.

OPINION

JACOBSON, Presiding Judge.

The basic issue raised by this appeal is whether a defendant may raise issues concerning a denial of his motion to suppress evidence following a plea of no contest.

The appellant was originally charged in a two-count information with possession of marijuana for sale and possession of a dangerous drug. Subsequent to the denial of his motion to suppress, the appellant entered into a plea agreement with the County Attorney whereby count two, possession of dangerous drugs and a charge in CR–84440, possession of narcotics, were dropped in return for his plea of no contest to count one, possession of marijuana for sale. The trial court suspended the imposition of sentence and placed the defendant on probation for a period of two years.

As his sole basis for appeal, appellant argues that the trial court erred in denying his motion to suppress.

Subsequent to the filing of the briefs, which dealt solely with the merits of the trial court's denial of the motion to suppress, this court issued an order directing the parties to file supplemental briefs ad-

dressing themselves to the issue of whether a defendant could appeal a ruling on a motion to suppress following a plea of no contest.

The Rules of Criminal Procedure, Rule 17.1, provide for the taking of guilty and no contest pleas by the court. In the "Comment" to Rule 17.1, it is stated that Rule 17 was "drawn primarily from the ABA Standards Relating to Pleas of Guilty (Approved Draft, 1968) and Federal Rules of Criminal Procedure, Rule 11 (Preliminary Draft, April, 1971)." The ABA Standards in discussing the *nolo contendere* plea noted:

In most states the *nolo* plea has the following significance:

(1) Unlike the plea of guilty, a plea of *nolo contendere* may not be put into evidence in a subsequent civil action as proof of the fact that the defendant committed the offense to which he entered the plea.

(2) When a *nolo* plea has been accepted, the defendant may be given the same sentence as if he had pleaded guilty.

(3) Judgment or sentence following entry of a *nolo* plea is a conviction, and may be admitted as such in other proceedings (e. g. to apply multiple offender law, to deny or revoke license because of conviction, to claim double jeopardy in subsequent prosecution). ABA Standards at 14–15.

■ We think that the consequences of a no contest plea parallel closely the results following a plea of guilty. One of the consequences flowing from a plea of guilty is the foreclosure by the defendant of an argument on appeal that the ruling by the trial court on a motion to suppress was erroneous. See *State v. Lerner,* 113 Ariz. 284, 551 P.2d 553 (1976); *State v. Murphy,* 97 Ariz. 14, 396 P.2d 250 (1964); *State v. Defoy,* 109 Ariz. 159, 506 P.2d 1053 (1973). Because the consequence of a plea of guilty and no contest are the same, does the same principle apply to an attack on the trial judge's ruling on a motion to sup-

press following a plea of no contest? We believe it does. *See Fierro v. State,* 437 S.W.2d 833 (Tex.Ct.Crim.App., 1969); 22 C.J.S. Criminal Law § 425(4).

In his supplemental brief, the appellant argues that a plea of no contest may include an express condition that the defendant may raise an issue on appeal that might otherwise have been foreclosed by the plea. *Jaben v. United States,* 381 U.S. 214, 85 S.Ct. 1365, 14 L.Ed.2d 345, reh. den., 382 U.S. 873, 86 S.Ct. 19, 15 L.Ed.2d 114 (1965). He does recognize several cases which have disapproved of such a practice. *United States v. Sepe,* 486 F.2d 1044 (5th Cir. 1973); *United States v. Mizell,* 488 F.2d 97 (5th Cir. 1973). However, we think that appellant concedes the inapplicability of these cases to his position on appeal since the record before this court simply does not disclose the existence of any agreement allowing him to raise the substantive issues in his motion to suppress subsequent to the plea of no contest. In fact, the plea agreement signed by the appellant clearly indicated that whether the plea was one of guilt or no contest the result with respect to suppression motions was the same. That agreement stated in part:

5. Unless this plea is rejected or withdrawn, . . . the defendant hereby gives up any and all motions, defenses, objections or requests which he has made or raised, or could assert hereafter, to the court's entry of judgment against him and imposition of sentence upon him consistent with this agreement.

Nevertheless, appellant argues that he entered a plea of no contest pursuant to an express stipulation with the County Attorney that he could raise a nonjurisdictional issue on appeal, i. e., the validity of the trial judge's denial of his motion to suppress.

The State, in a thorough and comprehensive brief, argues that, as a general rule, a plea of *nolo contendere,* like a guilty plea, precludes the raising of nonjurisdictional

issues on appeal. In support of its position, the State cites numerous cases. *See e. g., United States v. Mizell,* 488 F.2d 97, 98 (5th Cir. 1973); *Cooksey v. Alaska,* 524 P.2d 1251, 1257 (Alaska, 1974); *Cameron v. Florida,* 291 So.2d 222 (Fla.Ct.App., 1974). The State notes that some jurisdictions permit appeals on nonjurisdictional grounds when (1) the challenge is to a "formal" rather than a "substantive" defect, *Jaben v. United States, supra;* or (2) the issue was expressly reserved in the lower court for appellate review, *United States v. Consiglio,* 342 F.Supp. 556 (D.C. Conn.1975); *Cooksey v. Alaska, supra.*

The State argues that even if we were to adopt an exception to the general rule, the appellant is still not entitled to any relief on this appeal. The State correctly points out that the record does not demonstrate the existence of any express agreement allowing the appellant to raise the denial of his motion to suppress on appeal. Furthermore, the issue raised by appellant is a substantive rather than "formal" defect.

*United States v. Mizell,* 488 F.2d 97 (5th Cir. 1973) dealt with an appeal from a *nolo contendere* plea on the non-jurisdictional issue of whether or not the district court had properly refused to suppress evidence. The court in *Mizell* made the following observation:

> The wisdom of the rule—that seldom is a conviction reviewable after nolo or guilty plea—is reflected in the nearly unanimous practice of the other Courts of Appeals. The Third, Fourth, Sixth, Seventh, Tenth and District of Columbia Circuits decline to recognize appeal ability from nolo/guilty pleas to raise evidentiary non-jurisdictional issues. The First, Second, Eighth, and Ninth, while less stringent in their application of the waiver rule, nevertheless apply it allowing appeals on non-jurisdictional issues only under highly restrictive circumstances. 488 F.2d at 99–100.

*See also, United States v. Sepe,* 486 F.2d 1044 (5th Cir., 1973); *United States v. Mendoza,* 491 F.2d 534 (5th Cir. 1974).

 We hold, therefore, that when a defendant enters a plea of no contest he waivers, as is true with respect to a guilty plea, all non-jurisdictional defenses preceding the entry of the plea, and he may not by express stipulation or otherwise, reserve for appeal non-jurisdictional defects under such a plea. *State v. Lerner, supra; State v. Miller,* 110 Ariz. 304, 518 P.2d 127 (1974) [guilty plea constitutes a waiver of non-jurisdictional defenses]. However, since this is the first Arizona Appellate decision on this issue, if an agreement, as alleged by appellant in his supplemental brief, did in fact, exist, this may affect the voluntariness of his original plea. If he desires to withdraw his plea on this basis, he should pursue relief through appropriate post-conviction proceedings. We think that a factual basis supporting the claimed agreement is a matter more properly the subject of development in such a proceeding.

The judgment and sentence are affirmed.

SCHROEDER and WREN, JJ., concur.