569 P.2d 238
STATE of Arizona, Appellee,

v.

Clyde M. CANADAY, Appellant.

No. 3912.

Supreme Court of Arizona,
En Banc.

Sept. 15, 1977.

Bruce E. Babbitt, Atty. Gen. by William J. Schafer, III, and Robert S. Golden, Asst. Attys. Gen., Phoenix, for appellee.

Allen A. Haggard, Phoenix, for appellant.

HAYS, Justice.

Clyde M. Canaday, appellant herein, pled no contest to one count of burglary and one count of grand theft, pursuant to a plea agreement filed with the Maricopa County Superior Court on November 6, 1974. His appeal is before this court pursuant to rule 47(e)(5) of 17A A.R.S. Supreme Court Rules.

The first issue raised by appellant is that the trial court erred in failing to dismiss, *sua sponte,* the charges against him for failure of the state to comply with 17 A.R.S. Rules of Criminal Procedure, rule 8, Arizona's "speedy trial" rule.

A defendant waives any question regarding his right to a speedy trial by entering a valid guilty plea. *State v. Miller,* 110 Ariz. 304, 518 P.2d 127 (1974). This is true because the guilty plea constitutes a waiver of all nonjurisdictional defenses. *State v. Miller, supra.* Likewise, a plea of no contest constitutes a waiver of nonjurisdictional defenses. *State v. Arnsberg,* 27 Ariz.App. 205, 553 P.2d 238 (1976). Consequently, the speedy trial issue cannot now be raised on appeal.

The second issue raised is that appellant's sentence is unjust, excessive and unreasonable. Appellant argues that, because of his incarceration pending sentencing, and because he is unable to communicate well in writing, he was prevented from communicating effectively with the probation officer; that the sentencing judge clearly did not want to hear any mitigating circumstances in his behalf, and finally, that that judge did not "individualize" appellant's sentence because he took into consideration appellant's relationship with his codefendants, who were also appellant's brothers.

The complaints with regard to lack of effective communication with the probation officer and the trial judge not being willing to listen to his "mitigating circumstances" are belied by two facts. First, the presentence report contains a statement given the probation officer by the appellant, as well

as an extensive social, educational and employment history, the information for which must have come, in large part, from appellant himself. There was no evidence presented to show appellant was unable to communicate with the probation officer.

Secondly, no hearing in mitigation was requested by the defense pursuant to 17 A.R.S. Rules of Criminal Procedure, rule 26.7(a). There can be no complaint that a sentencing judge refused to hear "mitigating circumstances" when none were presented to him. An examination of the record shows that the appellant and his attorney were given an opportunity to speak on appellant's behalf, see rule 26.-10(b), and both did so.

Finally, appellant complains that a remark by the sentencing judge showed he could not separate appellant from his two brothers, and codefendants in these crimes, for sentencing purposes. The remark was,

"I think the Court has given all of the Canaday brothers a pretty big break considering the record."

While perhaps an injudicious remark, it is certainly not evidence that the judge did not sentence appellant as an individual. In fact, considering appellant's long and rapidly growing criminal record, the medium concurrent sentences which he received for these crimes (not less than three nor more than five years), does not seem the least bit unjust, excessive or unreasonable.

The judgments of conviction and sentences are affirmed.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HOLOHAN and GORDON, JJ., concur.