*619 P.2d 761*

**STATE of Arizona, Appellee,**

v.

**Ira L. OWENS, Appellant.**

**No. 1 CA–CR 4459.**

Court of Appeals of Arizona,
Division 1,
Department B.

Oct. 28, 1980.

Robert K. Corbin, Atty. Gen. by William J. Schafer, III, Chief Counsel, Criminal Division, and Barbara A. Jarrett, Asst. Attys. Gen., Phoenix, for appellee.

Puckett & Farrer, P. C. by Mathis Becker, Sun City, for appellant.

OPINION

HAIRE, Presiding Judge.

The pivotal issue in this appeal is whether an express stipulation in a plea of no contest can act to preserve a nonjurisdictional defect which otherwise would be waived as a result of the plea.

Appellant was tried on a charge of driving at a speed greater than reasonable and prudent, convicted and fined $35. Subsequently the state filed a new complaint against him based on the same driving incident. The new complaint charged appellant with driving a motor vehicle while under the influence of intoxicating liquor, while his license was suspended, revoked or refused, a class six felony. A.R.S. §§ 28–692; 28–692.02; 13–701; 13–702 and 13–801.

Appellant filed a timely motion to dismiss the new complaint. He argued that the prior conviction for careless and imprudent driving precluded this prosecution, based on principles of double jeopardy and double punishment. The superior court denied this motion to dismiss and Owens was held to answer. Appellant pled no contest to the felony charge. In the plea agreement the state and the appellant stipulated that "the Defendant preserves his right to appeal the issue of double jeopardy previously litigated." Owens has appealed to this court from the judgment of conviction and imposition of probation.

Appellant bases his appeal on the issues of double jeopardy and double punishment. We do not reach the merits of these issues, since they may not be raised on an appeal from a conviction resulting from a no contest plea.

■ A plea of no contest, like a plea of guilty, constitutes a waiver of all nonjuris-

dictional defenses that arose before the plea was entered. *State v. Herrara*, 123 Ariz. 258, 599 P.2d 214 (1979); *State v. Canady*, 116 Ariz. 296, 569 P.2d 238 (1977); *State v. Arnsberg*, 27 Ariz.App. 205, 553 P.2d 238 (1976). Double jeopardy is a nonjurisdictional defense that may be waived. *State v. Morales*, 90 Ariz. 11, 363 P.2d 606 (1977). The waiver effect of a no contest plea cannot be avoided by express stipulation or otherwise. *State v. Arnsberg, supra*. This court will not be bound by attempts on the part of the state or defendant to modify the long–acknowledged waiver effects of a no contest plea.

In *Arnsberg* this court held:

"that when a defendant enters a plea of no contest he waives, as is true with a guilty plea, all non–jurisdictional defenses preceding the entry of the plea, and he may not, *by express stipulation or otherwise*, reserve for appeal non–jurisdictional defects under such a plea."

27 Ariz.App. at 207, 553 P.2d at 240 (emphasis added).

Appellant argues that this holding was broader than the issue then before the court, since in *Arnsberg* the alleged agreement was not expressly stipulated in the plea. Appellant seeks to have us narrow the above holding, so that the general rule of waiver could be altered by express stipulation. This we will not do. It is clear from both the language and rationale in *Arnsberg* that its holding should apply with equal force to an express stipulation respecting appealability.

■ As we did in *Arnsberg*, we again look to *United States v. Mizell*, 488 F.2d 97 (5th Cir. 1973), wherein the issue decided was precisely the one before us, that is, whether a nonjurisdictional defect could be preserved by express stipulation in the plea. We adopt the fifth circuit's view in disapproving, as a matter of policy, the practice of accepting pleas of guilty or no contest if they are coupled with agreements that the defendant may nevertheless appeal on nonjurisdictional grounds. 488 F.2d at 98; *see United States v. Sepe*, 486 F.2d 1044 (5th

Cir. 1973). The trial courts should not be put in the position, while accepting or rejecting pleas, of determining which, if any, nonjurisdictional defects can be preserved for appeal by express stipulation. When the trial court is wrong:

"the whole plea and sentencing procedure is infected by an assurance given which either was not, or could not have been made good." *Mizell*, 488 F.2d at 101.

We next consider whether under these circumstances the appellant should be permitted to withdraw his plea.

"For a plea to be intelligently made, a defendant must understand the 'consequences of the plea', *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); . . . and this must affirmatively appear on the record." *State v. Geiger*, 113 Ariz. 297, 552 P.2d 1191 (1976) (some citations omitted).

In the present case, the plea agreement expressly stipulated that defendant preserved for appeal the question of double punishment and double jeopardy. The plea was based on a false premise regarding the appealability of such orders. Clearly defendant could not have understood that his double jeopardy and double punishment arguments would be unappealable as a consequence of his plea of no contest when that very plea specified that those arguments would be appealable. We conclude that the plea was not intelligently made.

In reaching this conclusion we find apposite *Santobello v. New York*, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971), wherein the United States Supreme Court said:

"The plea must, of course, be voluntary and knowing and if it was induced by promises, the essence of those promises must in some way be made known . . . [W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled . . . That the breach of agreement was inadvertent does not lessen its impact."

404 U.S. at 263, 92 S.Ct. at 498–99, 30 L.Ed.2d 432–33.

In the present case, in view of our ruling, the promise made by the state allowing appellant to preserve these issues for appeal obviously cannot be fulfilled. It is clear from the plea agreement as well as the hearing on the plea, that the reservation of the right to appeal these issues constituted a substantial inducement in the plea negotiation process. Therefore appellant must be given an opportunity to withdraw the plea if he so desires. *Santobello v. New York, supra; United States v. Mizell, supra; State v. Hays*, 112 Ariz. 4, 536 P.2d 692 (1975).

This matter is remanded to the trial court with directions that appellant be given an opportunity to withdraw his plea of no contest. If the plea is withdrawn, his conviction and sentence shall be vacated, and the prosecution may then proceed accordingly. If the plea is not withdrawn, the conviction and sentence will be affirmed.

JACOBSON and EUBANK, JJ., concur.