621 P.2d 29

**STATE of Arizona, Appellee,**

v.

**Craig Joseph FLEWELLEN, Appellant.**

**No. 4739.**

Supreme Court of Arizona, In Banc.

Dec. 8, 1980.

Robert K. Corbin, Atty. Gen. by William J. Schafer, III and Greg A. McCarthy, Asst. Attys. Gen., Phoenix, for appellee.

Posner & Wolfe by Janis L. Posner and G. Ted Wolfe, III, Phoenix, for appellant.

HOLOHAN, Vice Chief Justice.

The defendant, Craig Joseph Flewellen, pled guilty to charges of Burglary First Degree with a prior conviction and Burglary First Degree While Armed. He was sentenced to concurrent terms of imprisonment of 15 years to life. This appeal followed.

The following issues have been raised on appeal:

1) Was defendant denied effective assistance of counsel?

2) Did the trial court err in ruling that glove print evidence was admissible?

3) Did the trial court abuse its discretion in denying defendant's motion to withdraw his guilty plea?

The facts essential to a determination of this case are that on the night of May 10, 1978, officers of the Phoenix Police Department were investigating the burglary of a residence in the 5000 block of West Windsor. The burglar had raped and committed other sexual acts on an eight year old girl residing in the house. While the officers were proceeding with their investigation, they received a call that there was a burglary in progress at an address in the 5000 block of West Cambridge, which location was the next street south of Windsor.

The officers responded to the radio call, and they apprehended the defendant hiding in a closet in the residence. The defendant was armed with a .22 caliber revolver at the time, and there was also found on his person five items of jewelry which were later identified as having been stolen from the nearby Windsor address where the officers had been investigating the rape incident.

The defendant was charged with Rape, Sodomy, Lewd and Lascivious Acts, Burglary First Degree and Burglary First Degree While Armed. After some pretrial motions the case proceeded to trial. After the jury was impaneled but before any evidence was presented the state and the defendant entered into a plea agreement for the defendant to plead guilty to Burglary First Degree with a prior conviction and Burglary First Degree While Armed; the remaining

charges would be dismissed. The trial judge made extensive inquiries to determine the voluntariness of the plea. After determining the plea was "knowingly, voluntarily and intelligently" made, the court found the defendant guilty of both burglary charges with a prior conviction. Pursuant to the plea agreement the other charges were dismissed.

At the Mitigation–Aggravation hearing prior to sentencing the defendant indicated he might like to withdraw his guilty plea. A defense motion to continue was granted, and new counsel was appointed for the limited purpose of advising the defendant in making his decision whether to withdraw the plea. The new attorney made a motion to withdraw the guilty plea based on a claim of innocence as to the Windsor burglary. After hearing testimony by the defendant and his first appointed defense attorney, the trial court denied the motion to withdraw the plea and proceeded to sentence the defendant.

The defendant contends that he was denied effective assistance of counsel in the trial court. This same contention is the basis advanced to justify the withdrawal of the guilty plea. Since the two issues—competency of counsel and withdrawal of plea—are so interrelated they will be considered together.

The basis for allowing a withdrawal of a guilty plea is "when necessary to correct a manifest injustice." 17 A.R.S., Rules of Criminal Procedure, rule 17.5. This has been held to mean that there must be a showing that an injustice will result if the trial court does not permit the guilty plea to be withdrawn. *State v. Ellison*, 111 Ariz. 167, 526 P.2d 706 (1974).

Defendant maintains that he should be allowed to withdraw his guilty plea because he was denied effective assistance of counsel. He lists four examples as instances of incompetence by his counsel: failure to request a change of judge, continually delaying the trial, failure to interview an important witness, and failure by second appointed counsel to prepare for the May 16, 1979 hearing.

The defendant also urges that the farce and mockery standard should not be used to judge the effectiveness of counsel. He urges that the "reasonably competent and effective representation" standard be used.

After reviewing the record we are satisfied that under either standard the defendant was represented by counsel who acted in a reasonably competent and effective manner.

In reviewing the work of counsel, we are reminded of the statement from *United States v. Stoecker*, 7th Cir., 216 F.2d 51, 52, quoted with approval in *State v. Kruchten*, 101 Ariz. 186, 197, 417 P.2d 510, 521 (1966):

> Advocacy is a skill and art; easy to criticize, difficult to fairly appraise. Indeed, a post–mortem of criminal trials, selected at random, would undoubtedly reveal flaws of varying magnitude in the trial techniques of respected members of the bar. Our profession is one in which hindsight is a meager measure of counsel's competency.

With the foregoing in mind the defendant's contentions will be reviewed. He asserts that the trial judge should have been changed because the same judge had placed him on probation for burglary in March 1978, and the judge had revoked the probation in August 1978 and sentenced him to confinement for not less than 14 years nor more than 15 years.

It must be noted that the trial judge ordered the sentences for the present convictions to run concurrent with the sentence given for the probation violation. There is of course danger that a new judge would not have made the sentence concurrent not being aware what factors the first judge considered in the probation revocation sentence.

█ The trial judge in this case made several rulings on admission of evidence which were favorable to the defense especially the ruling excluding the pubic hair samples comparison. The decision not to change trial judges was a tactical one. There is no reason advanced for contending that another judge would have treated the

defendant differently than the trial judge but, in any event, errors in strategy do not, per se, constitute inadequate representation. *State v. Dippre*, 121 Ariz. 596, 592 P.2d 1252 (1979).

■ Another example of alleged incompetence advanced by the defendant concerns the delays of the trial date. The statement by the trial judge provides the answer to the defendant's contention:

"THE COURT: Now, one of the reasons there were [*sic*] so much delay is that Mr. Rummage did such an excellent job. He barraged the court with motions, evidentiary types, hearings and all kinds of things. And the court's calendar, being what it is, that probably raised issues on behalf of the defendant that probably never would have been raised by a lot of lawyers."

Concerning the witness not interviewed, defendant complains that the owner of the Cambridge house was not interviewed to determine whether the jewelry found in the defendant's possession actually came from the Cambridge house. The jewelry in question had been identified by the owner who lived in the Windsor house. From the police reports and the grand jury testimony there was sufficient information to compel the conclusion that the personal jewelry items, which included a wedding ring, were correctly identified by the true owner. Considering the full facts we find no lack of competence in not interviewing the other witness.

The defendant challenges the representation given by the second attorney appointed to handle the withdrawal of plea especially for his failure to read the change of plea transcript.

The point overlooked by the defendant is that he was contending at the hearing that he was not properly advised before the change of plea hearing of the consequences of his plea and the fact that he could enter an Alford plea to the charge of burglary of the Windsor residence. These points were outside the matter which would be shown in the transcript. The change of plea transcript would only show a careful review by the trial judge of the factors necessary to establish a voluntary and known plea. The second appointed counsel presented the contentions of the defendant in a competent manner. We fail to see any lack of competence in the defendant's representation by the second appointed counsel.

Although we have rejected defendant's claim of ineffective and incompetent representation, there remains the consideration whether there is anything additional which would justify the withdrawal of his plea. From our review of the record, we find nothing to justify the withdrawal of the plea. We note that before the change of plea hearing the defendant had signed a plea agreement which carefully set forth the possible consequences of a plea of guilty and the rights which the defendant was waiving. The defendant initialed each provision of the plea agreement including the paragraph representing that he had read and understood the provisions of the agreement. We are satisfied that there is nothing in the record to show that the defendant is innocent of the offenses, or that he was not competently and effectively represented, or that he misunderstood the charges or possible sentences.

We find no abuse of discretion in the refusal by the trial judge to allow the defendant to withdraw his plea. *See State v. Ellison, supra.*

■ Any error in the ruling of the trial judge on the admissibility of the glove print is deemed waived for consideration on appeal because a plea of guilty constitutes a waiver of all non–jurisdictional defenses. *State v. Canaday*, 116 Ariz. 296, 569 P.2d 238 (1977); *State v. Miller*, 110 Ariz. 304, 518 P.2d 127 (1974).

Having reviewed the record for fundamental error and finding none, the conviction and sentence are affirmed.

STRUCKMEYER, C. J., and HAYS, CAMERON and GORDON, JJ., concur.