649 P.2d 996

**STATE of Arizona, Appellee,**

v.

**William Henry ZUNINO, Appellant.**

**No. 1 CA–CR 5624.**

Court of Appeals of Arizona,
Division 1, Department A.

July 29, 1982.

Robert K. Corbin, Ariz. Atty. Gen. by William J. Schafer, III, Chief Counsel, Crim. Div., and David R. Cole, Asst. Atty. Gen., Phoenix, for appellee.

Robert P. Davidson, Bullhead City, for appellant.

OPINION

OGG, Presiding Judge.

This appeal has been accelerated by this court because of the unusual posture of the case. The appellant/defendant is now incarcerated at the Arizona State Prison in Florence, Arizona under a plea agreement that is acknowledged to be defective by the appellee State of Arizona.

All parties agree that the trial court erred in advising the defendant that his "Alford" pleas would not prevent him from appealing the trial court's prior denial of his motion to suppress.

The defendant was charged with two counts of second degree burglary. He moved to suppress certain evidence (items of stolen property) that were located by officers in his automobile at the time of his arrest. The defendant contended that there were no grounds for probable cause for his initial arrest and for the search of his automobile. The trial court denied the motion to suppress and the defendant thereafter entered into a plea agreement. At the time of the plea agreement, the

defendant entered an "Alford" plea in an effort to preserve his right to appeal the denial of his motion to suppress. In substance, he denied his guilt, but acknowledged that the evidence was so overwhelming against him that he believed it was in his best interest to enter into the plea agreement. *See North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).

At the June 12, 1981 change of plea hearing, the defendant asked the court if his pleas under the terms of the plea bargain would prevent him from challenging on appeal the trial court's prior order denying his motion to suppress. After being advised by counsel for the state and counsel for the defendant that such pleas would not affect the defendant's right to appeal the suppression order, the court then stated:

> THE COURT: That would be my understanding. But in the event that you appeal and for some reason or other the Appeals Court rules that the Motion to Suppress should have been granted, then that case will come back here for trial, and the fact that you're entering into an Alford plea wouldn't preclude you from raising that on appeal, the Motion to Suppress. That's my understanding.
>
> THE DEFENDANT: Thank you.

The defendant was later sentenced upon the basis of the plea agreement to ten year terms on each second degree burglary count with a prior felony conviction, with the sentences to run concurrently.

 The trial court was led into error. It is the opinion of this court that an "Alford" plea is in effect a guilty plea and that such a plea waives all nonjurisdictional defenses. In *State v. Arnsberg*, 27 Ariz.App. 205, 553 P.2d 238 (1976), this court held that pleas of guilty and pleas of no contest have similar consequences, and that a defendant who entered a plea of no contest waived his right to appeal the trial court's order denying his motion to suppress. We can find no logical distinction between a no contest plea and an "Alford" plea that would entitle the "Alford" plea to preserve a right to appeal from an order denying a motion to suppress.

When the trial court erred in advising the defendant as to his rights of appeal, however, the pleas made in reliance of such information cannot be characterized as voluntary, knowing and intelligent pleas. *See Santobello v. New York*, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971); *State v. Owens*, 127 Ariz. 252, 619 P.2d 761 (App. 1980).

This matter is remanded to the trial court with directions that the defendant be given an opportunity to withdraw his pleas. If such pleas are withdrawn, his convictions and sentences shall be vacated, and the prosecution may then proceed accordingly. If the defendant elects not to withdraw his pleas, the convictions and sentences are affirmed.

FROEB and CORCORAN, JJ., concur.