NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

STATE OF ARIZONA, *Respondent*,

*v.*

JAMES TYLER HARWOOD, *Petitioner*.

No. 1 CA-CR 15-0723 PRPC
FILED 7-6-2017

---

Petition for Review from the Superior Court in Mohave County
No. CR-2013-1389
The Honorable Derek C. Carlisle, Judge

**REVIEW GRANTED; RELIEF DENIED**

---

COUNSEL

Mohave County Attorney's Office, Kingman
By Matthew J. Smith
*Counsel for Respondent*

James Tyler Harwood, Florence
*Petitioner*

---

**MEMORANDUM DECISION**

Judge Kenton D. Jones delivered the decision of the Court, in which Presiding Judge Margaret H. Downie and Judge Donn Kessler joined.

---

**J O N E S**, Judge:

**¶1**    James Harwood petitions this Court for review from the summary dismissal of his petition for post-conviction relief of-right.  For the following reasons, we grant review but deny relief.

**¶2**    Harwood pled guilty to two counts of attempted sexual conduct with a minor, both dangerous crimes against children committed in 2007.  The trial court sentenced Harwood to a mitigated term of five years' imprisonment for one count and placed him on fifteen years' probation for the second count. Harwood filed a timely petition for post-conviction relief, which the court summarily dismissed.  Harwood now petitions this Court for review.

**¶3**    Harwood first argues the trial court erred when it imposed a mitigated prison sentence for the first count, rather than placing him on probation as it did for the second count.[1]  Harwood argues various mitigating circumstances mandated the imposition of probation.  However, a sentencing court has "very wide discretion in determining an appropriate sentence." *Wasman v. United States*, 468 U.S. 559, 563 (1984). The weight to be accorded to mitigating and aggravating circumstances for sentencing purposes is left to the discretion of the sentencing court. *State v. Harvey*, 193 Ariz. 472, 477, ¶ 24 (App. 1998) (citing *State v. Ross*, 166 Ariz. 579, 582 (App. 1990)).

**¶4**    Harwood next argues his offenses were not dangerous crimes against children because they were not completed crimes, but merely attempted offenses.  Harwood misinterprets the applicable statute, which includes preparatory offenses, including attempted sexual misconduct with

---

[1]    Harwood also argues the trial court erred by considering the State's untimely response to his petition for post-conviction relief.  But the trial court may, in its discretion, consider late pleadings. *State v. Vincent*, 147 Ariz. 6, 8 (App. 1985).

a minor, within the definition of a dangerous crime against children. *See* Ariz. Rev. Stat. (A.R.S.) § 13-604.01(N)(1)(c) (2007) (stating "[a] dangerous crime against children . . . is in the second degree if it is a preparatory offense"); *see also State v. Van Adams*, 194 Ariz. 408, 420, ¶ 41 (1999) (noting attempt is a preparatory offense) (citations omitted). Attempted sexual conduct with a minor under the age of fifteen committed in 2007 qualifies as a dangerous crime against children in the second degree punishable pursuant to A.R.S. § 13-604.01(C) and (J). *See State v. Newton*, 200 Ariz. 1, 2, ¶ 3 (2001) ("A basic principle of criminal law requires that an offender be sentenced under the laws in effect at the time he committed the offense for which he is being sentenced.") (citing A.R.S. § 1-246 (1995)).

**¶5**        Harwood also argues that investigators should have informed him of his rights pursuant to *Miranda v. Arizona*, 384 U.S. 436 (1966), during a confrontation call with the victim, and that A.R.S. § 13-1401(3) (2007) (defining "sexual intercourse"), is unconstitutionally vague. While we find no merit in either regard, Harwood waived these claims when he pled guilty; a plea agreement waives all non-jurisdictional defenses, errors, and defects which occurred prior to the plea. *See State v. Owens*, 127 Ariz. 252, 253 (App. 1980). Non-jurisdictional defects include claims a defendant was deprived of constitutional rights. *See Tollett v. Henderson*, 411 U.S. 258, 267 (1973) ("[A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.").

**¶6**        Finally, Harwood presents two claims of ineffective assistance of counsel. He argues his counsel withheld documents from him and withheld documents and other information from the trial court that were relevant for sentencing purposes. Harwood did not raise them in the petition for post-conviction relief he filed with the trial court.[2] A petition for review may not present issues not first presented to the trial court. *See State v. Bortz*, 169 Ariz. 575, 577 (App. 1991) (citing *State v. Ramirez*, 126 Ariz. 464, 468 (App. 1980)); Ariz. R. Crim. P. 32.9(c)(1)(ii) (requiring the petition

---

[2]        Within his petition for post-conviction relief, Harwood argued counsel was ineffective when he failed to retain a mitigation specialist to develop information regarding mitigating circumstances for the trial court's consideration. Although similar, the claim Harwood presents in his petition for review is not the same claim of ineffective assistance raised and considered by the court below.

for review identify "[t]he issues *which were decided by the trial court* and which the defendant wishes to present to the appellate court for review") (emphasis added); *see also State v. Smith*, 184 Ariz. 456, 459 (1996) (holding there is no right to appellate review for fundamental error in a post-conviction relief proceeding).

¶7 For these reasons, we grant review but deny relief.



AMY M. WOOD • Clerk of the Court
FILED: AA