NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

STATE OF ARIZONA, *Appellee,*

*v.*

CRYSTAL ROSE SERVIN, *Appellant.*

No. 1 CA-CR 22-0325
FILED 11-09-2023

---

Appeal from the Superior Court in Maricopa County
No. CR2008-128953-002
The Honorable Lisa Ann VandenBerg, Judge

**AFFIRMED**

---

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Robert A. Walsh
*Counsel for Appellee*

Sandra Day O'Connor College of Law, Phoenix
Post-Conviction Clinic
By Randall McDonald
*Co-Counsel for Appellant*

Arizona Justice Project, Phoenix
By Martin L. Hutchins, Jr.,
*Co-Counsel for Appellant*

Jackson White PC, Mesa
By Evan Tompkins
*Co-Counsel for Appellant*

Community Legal Services, Phoenix
By Anissa Dreas
*Co-Counsel for Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Jennifer B. Campbell delivered the decision of the Court, in which Judge Kent E. Cattani and Judge Anni Hill Foster joined.

**C A M P B E L L**, Judge:

¶1        Crystal Rose Servin, f/k/a Crystal Rosales Castillo, appeals the superior court's denial of her petition to expunge records pertaining to her prior conviction for a marijuana offense. For the following reasons, we affirm.

**BACKGROUND**

¶2        In May 2008, police received a tip that Roberto Barreras was selling marijuana out of his home. Officers went to Barreras' home where he lived with Servin and three minor children. Barreras and Servin were not home, but Lillian Salas answered the door and the officers smelled marijuana and saw smoke while speaking with her.

¶3        Based on their observations of marijuana use, the officers obtained a search warrant. The officers searched the house and discovered a blue cooler in Barreras' and Servin's bedroom containing six one-pound bags of marijuana and ten one-gram baggies of marijuana. The officers also found a marijuana cigarette (joint) on a table in the living room.

¶4        The State charged Barreras with knowingly possessing at least four pounds of marijuana for sale, a class 2 felony. Servin and Salas were each charged with knowingly possessing or using marijuana weighing less than two pounds, a class 6 felony. Servin pled guilty to the

2

charged offense. *See* A.R.S. § 13-3405(A)(1), (B)(1); *see also* A.R.S. § 13-604(A).[1] The superior court suspended sentencing and imposed a one-year term of probation. After Servin successfully served approximately eight months of her term, the superior court terminated probation. In 2018, the court granted Servin's application to set aside the judgment of guilt.

**¶5**     On April 4, 2022, Servin petitioned the superior court under A.R.S. § 36-2862 to expunge the records of her 2008 offense. The State objected, claiming the amount of marijuana involved in that offense exceeded the 2.5-ounce limitation imposed for expungement eligibility. *See* A.R.S. § 36-2862(A)(1) ("[A]n individual who was . . . convicted by . . . plea of . . . [p]ossessing . . . two and one-half ounces or less of marijuana" may petition the court "to have the record of that . . . conviction . . . expunged."). Servin replied that her 2008 conviction records were eligible for expungement because her conviction was not based on all the marijuana found in her home.[2] Noting that the charging document and Servin's plea agreement were silent regarding whether her marijuana conviction involved an amount over (or under) the statutory 2.5-ounce limit, Servin requested an evidentiary hearing.[3] *See State v. Santillanes*, 254 Ariz. 301, ¶ 32 (App. 2022). ("[U]nlike the expungement statute, our criminal laws [do] not distinguish between offenses involving two *ounces* of marijuana and those involving two *pounds* of marijuana.").

**¶6**     After conducting the hearing, the superior court denied Servin's petition, finding the State proved by clear and convincing evidence

---

[1]     Unless otherwise indicated, we cite to the current version of a statute if it remains materially unchanged since the relevant date.

[2]     Servin also argued expungement was appropriate because her conviction was for possession, not sale, of marijuana. In another case, this court held that a conviction involving the sale of marijuana *is* subject to expungement under § 36-2862 if the statute's requirements for expungement eligibility are satisfied. *State v. Sorensen*, 255 Ariz. 316, 320, ¶ 12 (App. 2023).

[3]     The transcript from the change of plea hearing is not in the record on appeal. If a precise weight of marijuana was given in verbal factual basis for the guilty plea in the superior court, it has not been provided in the record on appeal.

that her conviction involved more than 2.5 ounces of marijuana. Servin timely appealed.[4]

## DISCUSSION

### I. Sufficiency of Evidence

**¶7**        Servin first disputes the superior court's finding that the State sufficiently proved she possessed more than 2.5 ounces of marijuana in 2008. Servin continues to argue her 2008 conviction for marijuana possession was not based on the six-plus pounds of marijuana found in her bedroom.

**¶8**        The superior court must grant a petition for expungement "unless the prosecuting agency establishes by clear and convincing evidence that the petitioner is not eligible for expungement." A.R.S. § 36-2862(B)(3); Ariz. R. Crim. P. 36(d)(3); *see State v. Ibarra*, 254 Ariz. 320, 324, ¶ 11 (App. 2022) ("[B]oth [§ 36-2862] and [Rule 36(d)(3)] place the burden of proof on the state."). "[A] party who has the burden of proof by clear and convincing evidence must persuade the [factfinder] that his or her claim is highly probable." *State v. Renforth*, 155 Ariz. 385, 388 (App. 1987).

**¶9**        We review the superior court's ruling on an expungement petition for an abuse of discretion. *Ibarra*, 254 Ariz. at 323, ¶ 5. We view the evidence admitted at the expungement hearing in the light most favorable to sustaining the court's decision, meaning we defer to the court's determinations regarding witness credibility. *See State v. Gonzalez-Gutierrez*, 187 Ariz. 116, 118 (1996) (evaluating pretrial order denying motion to suppress and deferring to superior court's findings regarding law enforcement agent's credibility "and the reasonableness of inferences that [the agent] drew"). And our review of the facts underlying the court's ruling encompasses only the evidence admitted at the hearing. *Santillanes*, 254 Ariz. at 301, ¶ 33. ("Especially where . . . the petitioner's plea agreement and factual basis are silent as to the amount of marijuana involved in the underlying offense[,] . . . courts may consider any *admissible* evidence the State presents regarding a petitioner's ineligibility for expungement.") (emphasis added) (*review granted* May 2, 2023).

---

[4]        After Servin filed her notice of appeal, she moved for a stay of proceedings in this court to revest jurisdiction in the superior court for purposes of ruling on her motion for reconsideration. We granted the motion, and the superior court subsequently denied reconsideration.

¶10        "Possession may be actual or constructive." *State v. Gonsalves*, 231 Ariz. 521, 523, ¶ 9 (App. 2013). "Constructive possession" is the exercise of dominion or control over an object in the absence of actual physical possession. *State v. Cox*, 214 Ariz. 518, 520, ¶ 10 (App. 2007). Constructive possession exists when the object "is found in a place under [the defendant's] dominion [or] control and under circumstances from which it can be reasonably inferred that the defendant had actual knowledge of the existence of the [property]." *Id.* (quoting *State v. Villavicencio*, 108 Ariz. 518, 520 (1972)). Constructive possession exists whether the defendant exercises dominion and control over the object itself or the location where the object is found. *State v. Teagle*, 217 Ariz. 17, 27, ¶ 41 (App. 2007). "[I]t is not necessary to show that a defendant exercised exclusive possession or control over the substance itself or the place in which the illegal substance was found; control or right to control is sufficient." *State v. Curtis*, 114 Ariz. 527, 528 (App. 1977). Constructive possession may be proven by circumstantial evidence alone. *Cox*, 214 Ariz. at 520, ¶ 10.

¶11        Servin does not dispute that the cooler containing more than six pounds of marijuana was in her bedroom, a location over which she shared dominion and control with Barreras. The superior court could reasonably conclude that circumstantial evidence clearly and convincingly established Servin's non-exclusive constructive possession of more than 2.5 ounces of marijuana.

¶12        Significantly, the only evidence admitted at the hearing was the testimony of a detective who drafted the search warrant application and participated in the search. The detective testified that during the search, he associated the "large amount of marijuana" with Servin. To support his opinion, the detective analogized the smell of unburnt marijuana emanating from Servin's home with the strong odor encountered in a marijuana dispensary. The detective also explained that Servin initially denied knowing marijuana was in her home, but she later admitted she had "turned a blind eye to what was going on in the house." Moreover, the detective's testimony established that, aside from the packaged marijuana in the cooler, the joint in the living room was the only other marijuana found at the house. He attributed the joint to Salas, the adult he initially encountered and the only adult present at that time, based on the marijuana smoke he observed.[5] The evidence, therefore, does not support Servin's position that she was charged with possessing marijuana other than the

---

[5]      No evidence indicates Salas was anything other than a babysitter on the day police arrived at Servin's and Barreras' home.

marijuana in her bedroom.[6] The superior court could reasonably conclude that Servin had actual knowledge of marijuana in the cooler.

**¶13** Considering the detective's testimony, the superior court found the State proved by clear and convincing evidence that Servin's 2008 marijuana conviction was based on her constructive possession of more than 2.5 ounces of marijuana. Accordingly, the court did not abuse its discretion in denying Servin's petition for expungement.

## II. Due Process and Judicial Estoppel

**¶14** Acknowledging that "multiple people can possess the same item of contraband," Servin contends the State violated her due process rights by alleging she and Barreras simultaneously possessed the same marijuana for different purposes—Servin to use it, and Barreras to sell it.

**¶15** To the extent Servin challenges the State's discretionary authority when it charged her in 2008, Servin waived her argument by pleading guilty. *See State v. Hankins*, 141 Ariz. 217, 221 (1984) ("It is clearly within the sound discretion of the prosecutor to determine whether to file charges and which charges to file."); *State v. Canaday*, 116 Ariz. 296, 296 (1977) (noting a guilty plea waives all nonjurisdictional defenses). Additionally, Servin fails to cite controlling authority that supports her argument. *See In re Aubuchon*, 233 Ariz. 62, 64–65, ¶ 6 (2013) (finding arguments not supported by authority were waived). We need not further address this issue.

**¶16** Similarly, Servin contends judicial estoppel precluded the State from arguing Barreras possessed marijuana for sale while Servin possessed the same marijuana only for personal use. We disagree.

**¶17** "Judicial estoppel prevents a party from taking an inconsistent position in successive or separate actions." *State v. Towery*, 186

---

[6] The briefs on appeal repeatedly mention marijuana purportedly found in a "tin can." But no evidence at the hearing on Servin's expungement petition referred to a metal container containing the drug. As the superior court explained to the parties, information not admitted as evidence is generally not considered when ruling on an expungement petition that requires an evidentiary hearing to settle a factual dispute. *Cf. Santillanes*, 254 Ariz. at 301, ¶ 33. We therefore do not consider whether additional marijuana in a metal container at Servin's home would affect our review.

Ariz. 168, 182 (1996). In 2008, the State alleged Servin possessed less than two pounds of that marijuana for possession or use, while charging Barreras with possessing "at least four pounds" for sale. When it subsequently objected to Servin's expungement petition, the State argued she possessed more than 2.5 ounces of the marijuana found in the bedroom. Accordingly, and because multiple people can simultaneously possess the same contraband, the State's positions were not inconsistent. Thus, judicial estoppel does not apply.

**CONCLUSION**

¶18       We affirm the denial of Servin's petition for expungement.



AMY M. WOOD • Clerk of the Court
FILED:    TM