599 P.2d 214

**STATE of Arizona, Appellee,**

v.

**Lorenzo Torres HERRERA, Appellant.**

No. 4058.

Supreme Court of Arizona, In Division.

July 26, 1979.

Rehearing Denied Sept. 6, 1979.

Robert K. Corbin, Atty. Gen., John A. LaSota, Jr., Former Atty. Gen., William J. Schafer, III, Chief Counsel, Crim. Div., Gerald R. Grant, Asst. Attys. Gen., Phoenix, for appellee.

O. J. Wilkinson, Jr., Wilkinson & Quarelli, Phoenix, for appellant.

GORDON, Justice:

Appellant Lorenzo T. Herrera, hereinafter referred to as the defendant, appeals from his plea of no contest to first degree rape, in violation of A.R.S. § 13–611A. Taking jurisdiction pursuant to A.R.S. § 13–4031, we affirm the judgment of guilt and the sentence imposed.

Defendant was on probation for second degree rape when the first degree rape that comprises this case occurred. As a portion of his plea, it was agreed that the sentence imposed for forcible rape would run concurrently with any sentence imposed at the probation revocation hearing and that the state would dismiss the allegation of a prior conviction. The defendant was sentenced to not less than thirty years nor more than life in the Arizona State Prison. The court also revoked defendant's probation on the second degree rape conviction and sentenced him for that crime to another term of thirty years to life, to be served concurrently with the forcible rape conviction.[1]

The defendant contends that his constitutional right to counsel of his own choosing was violated when he was denied a continuance of his preliminary hearing in order to retain counsel.[2] A guilty plea intelligently and voluntarily made bars the later assertion of constitutional challenges to the pretrial proceedings. *Lefkowitz v. Newsome*, 420 U.S. 283, 95 S.Ct. 886, 43 L.Ed.2d 196 (1975). The consequences of a

---

1. This Court reduced defendant's sentence on the second degree rape conviction to a term of five to ten years to run concurrently with the sentence for forcible rape. *State v. Herrera*, 121 Ariz. 12, 588 P.2d 305 (1978).

2. Defendant was represented at the preliminary hearing by a public defender.

no contest plea parallel closely the results following a plea of guilty. *State v. Arnsberg*, 27 Ariz.App. 205, 553 P.2d 238 (1976). The record does not reveal, nor does the defendant assert, that his plea was rendered involuntary by the court's denial of his motion. We, therefore, do not reach the merits of defendant's first contention, because his no contest plea bars him from making the assertion.

Defendant further contends that the sentence imposed upon him in this case is extreme and is not commensurate with the acts that he is charged with committing. We disagree. Pursuant to A.R.S. § 13–614.A, rape in the first degree is punishable by imprisonment in the state prison for life, or for any term of years not less than five. The imposition of a penalty upon conviction is entirely within the discretion of the trial judge and will not be reduced unless it clearly appears that the sentence imposed is excessive, resulting in an abuse of discretion. *State v. Patton*, 120 Ariz. 386, 586 P.2d 635 (1978). Where discretion is vested in the trial judge as to the limits of a sentence, he should consider the general character of both the offense charged and of the party convicted. *Patton, supra.*

At the violation hearing, in connection with the defendant's prior probation, the victim in this case testified that the defendant picked her up when she was hitchhiking from Mesa to Chandler. When he turned his truck from the road that she wanted to take, she tried to get out of the vehicle. The defendant grabbed her by the neck and told her that he would not hurt her if she did what he said. After the defendant stopped the truck, the victim tried once again to escape, but was pulled back into the vehicle by her hair. The victim testified that she was afraid the defendant would harm her if she did not do as he asked. After the rape, the defendant dropped the victim off in Chandler, Arizona. Both the nurse that examined her at the Chandler Community Hospital Emergency Room and the officer that transported her there testified that the victim was visibly upset.

The defendant pled no contest to the charge of forcible rape at a time when he was on probation for second degree rape. His probation officer recommended that he be sentenced in this case to a maximum term of incarceration in the Arizona State Prison.

After reviewing the circumstances of the rape itself and the defendant's criminal record, we are not prepared to hold that the sentence imposed was an abuse of the trial court's discretion.

The judgment and sentence of the trial court are affirmed.

CAMERON, C. J., and HAYS, J., concur.