PER CURIAM.
Gregory Pahules, a suspended member of The Florida Bar, has petitioned for reinstatement to membership in good standing in The Florida Bar. The matter was referred to a referee, who recommended that the petition be denied. The Board of Governors of The Florida Bar concurs in that recommendation. It is this Court’s duty to enter an appropriate judgment. Art. V, § 15, Fla.Const.; Fla.Bar Integr. Rule, art. XI, Rule 11.11(10).
Mr. Pahules was suspended March 18, 1970, for a period of six months and thereafter until he could demonstrate rehabilitation. The misconduct at issue then was misuse of a client’s funds. The Florida Bar v. Pahules, 233 So.2d 130 (Fla.1970). In this proceeding The Florida Bar had recommended disbarment.
Subsequent to his suspension, the petitioner was convicted of at least two counts of grand larceny and four counts of petit larceny. The conduct which gave rise to the convictions took place around the time of his suspension. He received a number of sentences of imprisonment in county jail, which were served concurrently. After serving a year of imprisonment, he was *651 placed on probation. His probation continues until June, 1982. Among the conditions of his probation is an obligation to make full restitution to the victims of his crimes.
Following his release from county jail, the petitioner, in 1973, worked for a newspaper. From May, 1973 to January, 1975, he worked as a restaurant manager. During 1975 he was employed by an automobile dealership and a bail bond agency. From 1975 until the present time he has been employed as a law clerk in the office of a practicing Florida attorney.
During the period from 1967 to 1970, a number of complaints against Mr. Pahules were filed with The Florida Bar. The Bar initiated a number of different grievance proceedings. These various proceedings progressed independently. One disciplinary proceeding culminated in the judgment of suspension. Apparently the Bar then discontinued investigation and prosecution of other alleged instances of misconduct. The judgment imposing the discipline of suspension was rendered prior to the petitioner’s criminal convictions. Had these other instances of misconduct and the criminal convictions arising from them been before the Court at the time it was imposing discipline on the petitioner, the discipline imposed would almost certainly have been more severe than six months suspension with reinstatement conditioned upon proof of rehabilitation.
The petitioner did not seek reinstatement until September, 1977. The question before us is whether he is fit to resume the practice of law.
The referee held hearings on March 21,1978 and on April 10,1978. Both parties had the opportunity to present evidence.
The Florida Bar advertised the subject matter of the hearing in the Miami Review, a legal newspaper. Article XI, Rule 11.-ll(6)(b) contemplates that any interested persons and any local bar association may appear at the hearing to speak in support of or in opposition to the petition. No one appeared or requested to appear in opposition to the petition.
After reciting the substance of the testimony of various witnesses and that of the petitioner, the referee stated:
Attached to the Petition are a number of letters from reputable attorneys and individuals commenting on the Petitioner’s reputation and character, all of which are good. The witnesses who testified on behalf of the Petitioner also gave opinions that his character was good and that he should be reinstated. Nevertheless, the original suspension was based on one act of misuse of client’s funds. In fact, Petitioner was adjudged guilty of at least six instances of crimes involving the misuse of clients’ funds. One instance could be considered poor business judgment. Six instances have resulted in the one year jail term and the probation through 1982.
In my opinion, Petitioner should be required to complete his sentence of probation before being considered for reinstatement. It is further my opinion that before reinstatement is considered the Petitioner should be required to successfully pass the Florida Bar exam.
We agree with the referee that rehabilitation will not be accomplished until he has successfully completed his probation. In addition, the petitioner does not allege, nor does the evidence show, that Mr. Pa-hules has had his civil rights restored. Restoration of civil rights is a prerequisite for reinstatement of a suspended attorney who has been convicted of a felony. The Florida Bar v. Clark, 359 So.2d 863 (Fla.1978).
It is the judgment of this Court that the petition for reinstatement is denied without prejudice to the petitioner’s right to petition again when he has successfully completed his probation, made restitution or has made satisfactory arrangement therefor, and furnished evidence that his civil rights have been restored.
We decline to assess The Florida Bar’s costs against the petitioner.
It is so ordered.
*652 ENGLAND, C. J., and ADKINS, BOYD, OVERTON, SUNDBERG and MCDONALD, JJ., concur.
ALDERMAN, J., concurs in part and dissents in part with an opinion.