640 P.2d 182
**STATE of Arizona, Appellee,**

v.

**Donald STEWART, Appellant.**

**No. 5238.**

Supreme Court of Arizona,
In Banc.

Jan. 18, 1982.

Robert K. Corbin, Atty. Gen. by William J. Schafer III, Frank Dawley, Asst. Attys. Gen., Phoenix, for appellee.

Clayton R. Hamblen, Phoenix, for appellant.

STRUCKMEYER, Justice.

Defendant appeals from a judgment and conviction following a plea of no contest to two counts of armed robbery, class 2, dangerous felony, and a plea of guilty to two counts of armed robbery, class 2, non-dangerous felony. Judgments affirmed as to Counts I and II, and reversed as to Counts III and IV.

Defendant raises two questions on appeal:

1. Whether the trial court erred by failing to address defendant directly in obtaining a plea of no contest to Counts I and II.

2. Whether the factual basis for Counts III and IV was sufficient to support a conviction for armed robbery.

## COUNTS I AND II

On May 15, 1980, pursuant to a plea agreement, appellant and his attorney appeared before the trial court to enter a guilty plea to Counts I through IV of an indictment charging armed robberies. Counts V through VII of the indictment were to be dismissed after the appellant was sentenced. The trial judge addressed appellant as to whether he wished to plead guilty to the crimes charged. He responded in the affirmative. The judge then fully explained to appellant the range of sentencing options available to the court, the court's power to reject the plea, and appellant's right to withdraw his plea in such event. The judge then ascertained the absence of threats, promises, or duress in appellant's desire to plead guilty. Appellant was also informed that by pleading guilty he waived his rights to trial by jury, to present and cross-examine witnesses, to re-

main silent during trial, and to be represented by counsel. Throughout the court's meticulous examination, appellant was repeatedly asked whether he understood what was being explained to him, to which inquiries appellant responded that he did.

The trial judge then inquired into the factual basis for appellant's plea. Appellant admitted commission of the robberies giving rise to Counts I and II, but denied the use of a gun or dangerous instrument. The prosecution presented its position, noting that the two victims, contrary to appellant's assertion, had indicated that appellant did use a gun which had been pointed at them. The prosecutor also stated that the victim's description of the gun to the State's investigator was the same they had previously given to the police. At this point, the following exchange took place:

"THE COURT: I cannot accept his plea of guilty.

[APPELLANT'S COUNSEL]: Your Honor, Mr. Stewart wishes to take an Alford plea and he does feel the evidence is sufficient that he would be convicted on the matter, although he denies the use of a gun.

THE COURT: Do you want to enter a plea of no contest, then, on Count I and Count II, and I will ask for an avowal from the County Attorney to—

[PROSECUTOR]: As I indicated when we started the plea, he was going to plead guilty and make the factual basis on all four counts with the exception on Counts I and II it was an Alford in reference to the use of the gun and we are going to provide the facts on that.

THE COURT: Properly that should be a plea of no contest and let you make an avowal and accept the avowal and proceed from that point.

[PROSECUTOR]: Well, one of the conditions of the plea is that he does admit all other parts of the robbery, so I wanted him to provide those facts to the Court.

THE COURT: The record may stand as it is, but—

[PROSECUTOR]: I don't have any problem with calling it no contest.

[APPELLANT'S COUNSEL]: That's fine with us, Your Honor.

THE COURT: Fine. Then you wish to enter a plea of no contest rather than a plea of guilty to Counts I and II by reason of the allegation of the dangerous felony?

[APPELLANT'S COUNSEL]: Yes, Your Honor, that's correct.

THE COURT: All right, fine. And defendant will accept the avowal of the Deputy County Attorney as to what the testimony would show had the matter gone to trial, is that correct?

[APPELLANT'S COUNSEL]: We do, Your Honor.

THE COURT: All right, fine."

■ Based on this exchange, appellant argues that the plea should be set aside because the court did not elicit from appellant the plea of no contest, but did so through appellant's counsel. We do not agree. In this regard we are mindful of the constitutional mandate expressed in *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). In *Boykin*, the United States Supreme Court held that, to be valid under the due process clause, pleas of guilty must be voluntarily and understandingly entered.[1] *Id.* at 242–44, 89 S.Ct. at 1711–13. Compliance with the *Boykin* requirements is the thrust of our Rules of Criminal Procedure, 17 A.R.S., regarding pleas of guilty and no contest. Rule 17.1(a) provides: "A plea of guilty or no contest * * * shall be accepted only when made by the defendant

---

1. Upon entering a plea of guilty or no contest, a defendant waives three federal constitutional rights: the privilege against compulsory self-incrimination, the right to trial by jury, and the right to confront one's accusers. A waiver of these rights must be voluntary and knowing or it will be deemed obtained in violation of due process and therefore void. *Boykin v. Alabama*, 395 U.S. 238, 243, 89 S.Ct. 1709, 1712, 23 L.Ed.2d 274 (1969); *McCarthy v. United States*, 394 U.S. 459, 466, 89 S.Ct. 1166, 1171, 22 L.Ed.2d 418 (1969); *State v. Tiznado*, 112 Ariz. 156, 157, 540 P.2d 122, 123 (1975); *State v. Hooper*, 107 Ariz. 327, 329, 487 P.2d 394, 396 (1971).

personally in open court * * *." Rule 17.-1(b) further states: "A plea of guilty or no contest may be accepted only if voluntarily and intelligently made."

The case before us presents a situation analogous to the one confronting the United States Supreme Court in *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). In this case, as in *Alford*, appellant expressed his desire to plead guilty while at the same time denying the acts constituting the offense (here, use of a gun in the robbery). Appellant does not and cannot claim that his plea of guilty was involuntary or unknowing. It is evident from the record that such contention would be totally unfounded. The trial judge addressed appellant personally and extensively to ensure that he understood the nature of his guilty plea and the waiver of constitutional rights concomitant to it. *See* Rule 17.2, Rules of Criminal Procedure, 17 A.R.S. The only flaw in the proceeding is the trial court's mistaken belief that appellant's plea should be labeled a plea of no contest rather than a plea of guilty.

■ It is by now well recognized that a defendant may be motivated to plead guilty for reasons other than his actual guilt of the offense charged, and that he must be permitted to judge for himself in this regard. *North Carolina v. Alford*, 400 U.S. at 33, 91 S.Ct. at 165. For example, "a plea of guilty is not invalid [under the Fifth Amendment] merely because defendant entered it to avoid the possibility of a death penalty." *Brady v. United States*, 397 U.S. 742, 755, 90 S.Ct. 1463, 1472, 25 L.Ed.2d 747 (1970).

■ Like a guilty plea, a plea of no contest "is an admission of guilt for the purposes of the case." *Hudson v. United States*, 272 U.S. 451, 455, 47 S.Ct. 127, 129, 71 L.Ed. 347 (1926). By entering such a plea, "a defendant does not expressly admit his guilt, but nonetheless waives his right to a trial and authorizes the court for purposes of the case to treat him as if he were guilty." *North Carolina v. Alford*, 400 U.S. at 35, 91 S.Ct. at 166. It is clear, then, that there is no significant difference between a plea of guilty with a protestation of innocence and a plea of no contest.[2] As noted above, under Arizona law, both pleas are authorized if they are voluntarily and intelligently entered. Rule 17.1(b), Rules of Criminal Procedure, 17 A.R.S. There must also be an adequate factual basis to support the pleas. Rule 17.3, Rules of Criminal Procedure, 17 A.R.S. Unlike a plea of guilty, however, a plea of no contest properly accepted cannot be admitted against the defendant in any civil or criminal action or administrative proceeding. Ariz.R.Evid. 410, 17A A.R.S.

■ After careful examination of the record, we fail to see how defendant was prejudiced by the trial court's mistaken belief that appellant's guilty plea should be labeled a plea of no contest. As we noted above, there is not a scintilla of evidence that appellant's plea of guilty was anything other than voluntary and intelligent, with full knowledge of its consequences. Appellant personally stated to the court his desire to enter the plea and the record supports the court's determination that there was an adequate factual basis to support it. In fact, by labeling the plea as one of no contest, appellant was conferred the eviden-

---

2. We have previously agreed with the Arizona Court of Appeals that the consequences of a no contest plea parallel closely those resulting from a plea of guilty. *State v. Herrera*, 123 Ariz. 258, 259–60, 599 P.2d 214, 215–16 (1979) (citing *State v. Arnsberg*, 27 Ariz.App. 205, 553 P.2d 238 (1976)). For example, a properly entered no contest plea, like a guilty plea, bars the later assertion of constitutional challenges to the pretrial proceedings. *Id.* 123 Ariz. at 259, 599 P.2d at 215 (citing *Lefkowitz v. Newsome*, 420 U.S. 283, 95 S.Ct. 886, 43 L.Ed.2d 196 (1975)).

For discussion of the historical development of the nolo contendere plea, see *North Carolina v. Alford*, 400 U.S. 25, 35 n. 8, 91 S.Ct. 160, 166, 27 L.Ed.2d 162 (1970); *Hudson v. United States*, 272 U.S. 451, 453–56, 47 S.Ct. 127, 128–29, 71 L.Ed. 747 (1926); III ABA Standards for Criminal Justice 14.3 (2d ed. 1980); Cogan, *Entering Judgment on a Plea of Nolo Contendere: A Reexamination of North Carolina v. Alford and Some Thoughts on the Relationship Between Proof and Punishment*, 17 Ariz.L.Rev. 992 (1975).

tiary benefit of Ariz.R.Evid. 410, 17A A.R.S. That after questioning appellant the court, with the consent of appellant's counsel, labeled appellant's plea as one of no contest, is not error mandating reversal. *Cf. State v. Cuthbertson*, 117 Ariz. 62, 64, 570 P.2d 1075, 1077 (1977) (Absent evidence that defendant was prejudiced by his lack of understanding of the complete provisions of the sentencing statute the error is not reversible error.).

The judgment and conviction on Counts I and II are affirmed.

## COUNTS III AND IV

■ The following facts are the basis of appellant's guilty plea and conviction for Counts III and IV, class 2 non-dangerous felony. Appellant acknowledged that on December 19, 1979, he entered a convenience store and asked the attendants for money. Appellant had his hand in his pocket and pretended he had a gun. The attendants put money in a sack, handed it to appellant, and he walked out. Appellant engaged in essentially identical conduct on January 2, 1980, at a different convenience store.

The State concedes that the only evidence that appellant was armed at the time of the robberies was appellant's admission that he *simulated* the use of a weapon. Appellant denied he had a weapon in his possession. We therefore decide whether appellant's conduct provided a sufficient factual basis to support his plea of guilty to the charge of armed robbery and hold that it did not.

Recently, in *State v. Franklin and Malatare*, 130 Ariz. 291, 635 P.2d 1213 (1981), we held that when a defendant commits a robbery by simulating the presence of a gun not actually in his possession, the evidence does not support a charge of armed robbery under A.R.S. § 13–1904(A). That case is dispositive of the issue now before us. As we stated in *State v. Bly*, 127 Ariz. 370, 621 P.2d 279 (1980):

"No matter what the crime, the potential for serious bodily injury or loss of human life arises when a crime is committed with a dangerous weapon. The crime itself is more reprehensible and for that reason a crime committed with a dangerous weapon or instrument shall be punished more severely than one which is not." *Id.* at 372, 621 P.2d at 281.

■ The rationale for imposing a more severe punishment for the offense or armed robbery is absent where, as here, appellant merely simulates the presence of a non-existent gun. It thus follows that appellant's guilty plea cannot be said to have been knowing and voluntary. As the United States Supreme Court has said: "[B]ecause a guilty plea is an admission of all the elements of a formal criminal charge, it cannot be truly voluntary unless the defendant possesses an understanding of the law in relation to the facts." *McCarthy v. United States*, 394 U.S. 459, 466, 89 S.Ct. 1166, 1171, 22 L.Ed.2d 418 (1969). Appellant did not intelligently plead guilty to armed robbery if he did not know that his conduct could not constitute the offense of which he was charged. To satisfy the requirement of Rule 17.3, Rules of Criminal Procedure, 17 A.R.S., the court must ascertain that there is a factual basis to support each of the elements of the crime to which defendant pleads guilty. *E.g., State v. Page*, 115 Ariz. 156, 157, 564 P.2d 379, 380 (1977); *State v. Carr*, 112 Ariz. 453, 455, 543 P.2d 441, 443 (1975).

We hold that there was no factual basis for defendant's plea to the charge of armed robbery in the absence of any evidence that appellant was armed with a deadly weapon or dangerous instrument, as required by A.R.S. § 13–1904. Appellant's plea and conviction on Counts III and IV are therefore reversed for proceedings consistent with this decision.

HOLOHAN, C. J., GORDON, V. C. J., and HAYS and CAMERON, JJ., concur.