SUPREME COURT OF ARIZONA
En Banc

| | | |
|---|---|---|
| In the Matter of the Application of | ) ) | Arizona Supreme Court No. SB-09-0053-M |
| | ) | |
| ALEJANDRO LAZCANO, | ) | |
| | ) | **O P I N I O N** |
| | ) | |
| Applicant. | ) | |
| _____ | ) | |

**APPLICATION DENIED**
_____

Alejandro Lazcano                                                    El Paso, TX
In Propria Persona

STATE BAR OF ARIZONA
     By   Raymond A. Hanna, President                          Prescott
          Patricia A. Sallen                                         Phoenix
          John A. Furlong, General Counsel
Attorneys for Amicus Curiae State Bar of Arizona
_____

**B E R C H**, Chief Justice

¶1      This case addresses whether an applicant on Texas felony deferred adjudication may be admitted to practice law in Arizona. We conclude that the pending charge prevents the applicant from showing the good moral character necessary for admission to the Arizona Bar.

## I.  BACKGROUND

¶2      In 2002, while an undergraduate student in Texas, Alejandro Lazcano was arrested and indicted for burglary and sexual assault. Under a plea agreement, he pled no contest to a

reduced charge of attempted sexual assault. The Texas court deferred adjudication while Lazcano completed a ten-year term of probation.

¶3       Lazcano later graduated from law school. He passed the July 2008 Arizona bar examination and applied for admission to the Arizona Bar. Following a formal hearing, the Arizona Committee on Character and Fitness, by a divided vote, recommended admission. On review, we asked the parties to brief the effect of a "deferred adjudication" on an applicant's fitness to practice law.

## II. DISCUSSION

¶4       We have previously described the requirements and process for admission to the Bar. *See In re King*, 212 Ariz. 559, 563 ¶¶ 9-10, 136 P.3d 878, 882 (2006); *In re Hamm*, 211 Ariz. 458, 461-62 ¶ 12, 123 P.3d 652, 655-56 (2005). Generally, applicants for admission to the Arizona Bar must demonstrate that they possess good moral character. Ariz. R. Sup. Ct. 34; *Hamm*, 211 Ariz. at 462 ¶ 12, 123 P.3d at 656. We examine past misconduct to see what it reveals about an applicant's present moral character. *Hamm*, 211 Ariz. at 463 ¶ 17, 123 P.3d at 657. Among other factors, we consider the seriousness of the conduct, the lapse of time since the conduct, and evidence of rehabilitation. Ariz. R. Sup. Ct. 36(b)(4). The Committee on Character and Fitness makes recommendations to this Court on

admission, but we independently determine whether the applicant has satisfactorily demonstrated good moral character. *Hamm*, 211 Ariz. at 462 ¶ 12, 123 P.3d at 656. The central component of our assessment is, at all times, protection of the public. *In re Arrotta*, 208 Ariz. 509, 512 ¶¶ 11-12, 96 P.3d 213, 216 (2004).

**A.**

¶5 In lieu of trial on charges of sexual assault and burglary, Lazcano pled no contest to attempted sexual assault. The court deferred adjudication and placed him on community supervision for the maximum term of ten years, subject to conditions that include 240 hours of community service and sex offender registration. *See* Tex. Code Crim. P. Ann. art. 42.12 § 5(a) (Vernon 2006) (providing for deferred adjudication). If Lazcano successfully complies with the conditions, a judge may dismiss the charge at the expiration of the supervision period. *Id.* § 5(c). But if Lazcano does not, he may be sent to prison without a trial on the underlying charge. *Id.* §§ 5(b), 21(b).

¶6 Arizona's rule regulating admission to the Bar creates a presumption that an applicant convicted of a felony or a misdemeanor involving a serious crime should be denied admission. Ariz. R. Sup. Ct. 36(b)(2). To rebut the presumption, a convicted felon must provide clear and convincing evidence of rehabilitation. *See id.*

**¶7** Our Committee on Character and Fitness correctly treated the deferred adjudication as a conviction for purposes of Rule 36(b)(2). Arizona law defines a conviction as a determination of guilt by verdict, finding, or the acceptance of a guilty or no contest plea; formal entry of judgment is not required. *State v. Walden*, 183 Ariz. 595, 615-16, 905 P.2d 974, 994-95 (1995), *overruled on other grounds by State v. Ives*, 187 Ariz. 102, 927 P.2d 762 (1996). Lazcano's no contest plea qualifies as a conviction because "[l]ike a guilty plea, a plea of no contest 'is an admission of guilt for the purposes of the case.'" *State v. Stewart*, 131 Ariz. 251, 254, 640 P.2d 182, 185 (1982) (quoting *Hudson v. United States*, 272 U.S. 451, 455 (1926)). Arizona law on this point comports with Texas law, *see* Tex. Code Crim. P. Ann. art. 42.12 § 5(c), which requires a defendant to plead guilty or no contest to qualify for deferred adjudication — that is, to "accept responsibility for a crime." John Bradley, *Deferred Adjudication*, 69 Tex. B.J. 296, 296 (2006); *see* Tex. R. Govern. Bar Adm'n IV(d)(1) (treating deferred adjudication as conclusive evidence of guilt for lawyer admission purposes).

**B.**

**¶8** To establish rehabilitation, Lazcano must show "that he has both (1) accepted responsibility for his past criminal conduct," and "(2) identified and overcome the weakness that led

to the unlawful conduct." *King*, 212 Ariz. at 564 ¶ 13, 136 P.3d at 883 (citing *Hamm*, 211 Ariz. at 464 ¶ 23, 123 P.3d at 658, and *Arrotta*, 208 Ariz. at 513 ¶ 17, 96 P.3d at 217).

¶9        The Committee's evaluation of Lazcano's application turned not on his acceptance of responsibility for his acts and his efforts to overcome the weaknesses that led to his past misconduct, *see* Ariz. R. Sup. Ct. 36(b)(4), but focused instead on the credibility of the witnesses in the Texas case.  Despite Lazcano's no contest plea, the Committee found that "the initial report of non-consensual sexual relations may not be reliable." Relying on Lazcano's statements and the police report, a majority of the Committee appears to have questioned whether Lazcano engaged in any criminal conduct stemming from the 2002 incident.

¶10        The Committee serves an important function in evaluating the moral character of applicants to the State Bar. We caution, however, that the Committee should not re-try or second-guess an applicant's criminal conviction, guilty plea, or other acknowledgement of criminal responsibility.  The Committee does not have at its disposal all of the evidence, including the evidence that supported the guilty verdict or plea, and experience shows that applicants are apt to present a version of the facts that minimizes their responsibility.  The Committee should instead accept that the defendant has been found guilty

beyond a reasonable doubt, either by verdict or plea.  Thus for admissions purposes, Lazcano pled no contest to the felony of attempted sexual assault and remains on deferred adjudication as a registered sex offender.

### C.

**¶11**     We turn to whether an applicant serving deferred adjudication for a felony offense is eligible for admission to the Bar.[1]   Cases from across the country uniformly require individuals convicted of crimes to complete their court-ordered supervision before applying for admission or reinstatement. *See, e.g.*, *In re Culpepper*, 770 F. Supp. 366, 373 (E.D. Mich. 1991) (reinstatement); *Seide v. Comm. of Bar Exam'rs*, 782 P.2d 602, 607 (Cal. 1989) (admission); *In re Dortch*, 860 A.2d 346, 362-63 (D.C. 2004) (admission); *In re Pahules*, 382 So. 2d 650, 651 (Fla. 1980) (reinstatement); *In re Thompson*, 365 N.W.2d 262, 265 (Minn. 1985) (reinstatement); *In re Walgren*, 708 P.2d 380, 388 (Wash. 1985) (reinstatement).  These courts reason that because probationers typically behave well while on probation, admissions authorities cannot adequately evaluate rehabilitation until the applicant has successfully completed probation; application before completion of a probationary term is deemed

---

[1]     An individual on deferred adjudication is treated as though the charge is still pending.  *See* Tex. Code Crim. P. Ann. art. 42.12 § 5(a); *United States v. Bishop*, 264 F.3d 535, 556 (5th Cir. 2001).

premature. *See, e.g.*, *Seide*, 782 P.2d at 607. Most also require significant time to elapse following the end of probation so that the applicant can demonstrate sustained rehabilitation. *E.g.*, *id.* at 605 ("It is not enough that petitioner kept out of trouble while being watched on probation; he must affirmatively demonstrate over a prolonged period his sincere regret and rehabilitation."); *see also In re Polin*, 596 A.2d 50, 53-54 (D.C. 1991). These requirements comport with Arizona's requirement that an applicant with a felony conviction must show by clear and convincing evidence that he has been rehabilitated. *Cf. Arrotta*, 208 Ariz. at 512 ¶ 12, 96 P.3d at 216 (requiring clear and convincing evidence of rehabilitation).

¶12 Lazcano would not be permitted to apply for membership in the State Bar of Texas, his home state. Tex. R. Govern. Bar Adm'n IV(d)(2). A person "guilty of a felony" in Texas is "conclusively deemed not to have present good moral character and fitness" and cannot apply for admission to the bar until five years after completing the probationary term. *Id.* Thus Lazcano cannot apply for membership in the Texas Bar until 2018.

¶13 Significantly, had Lazcano been a member of the Arizona Bar when he pled no contest to the charge, he likely would have been suspended from practice. *See* Ariz. R. Sup. Ct. 53(h) (requiring discipline for a lawyer convicted of a "misdemeanor involving a serious crime or of any felony"; *cf. id.* R. 42, ER

- 7 -

8.4(b) (declaring that it is "professional misconduct for a lawyer to commit a criminal act that reflects adversely on the lawyer's . . . fitness").

¶14    The same result would have occurred in Texas. Texas law requires suspension of a lawyer "who has been given probation" for a felony involving moral turpitude. *See* Tex. Gov't Code Ann. § 81.078(b) (Vernon 2005). Sexual assault satisfies that requirement. *See, e.g.*, *Hernandez v. State Bar*, 812 S.W.2d 75, 77-78 (Tex. App. 1991) (suspending lawyer placed on deferred adjudication for indecency with a child); *accord People v. Martin*, 897 P.2d 802, 804 (Colo. 1995) (finding sexual assault a crime involving moral turpitude). The American Bar Association's Standards for Imposing Lawyer Sanctions § 5.12 similarly recommends suspension for lawyers who engage in criminal conduct that "seriously adversely reflects on the lawyer's fitness to practice." *ABA Standards for Imposing Lawyer Sanctions* 21 (2005).

**D.**

¶15    In regulating attorney admissions, our primary responsibility is to protect the public. *Arrotta*, 208 Ariz. at 512 ¶¶ 11-12, 96 P.3d at 216. We must determine whether an applicant for admission possesses the necessary qualifications to fulfill his or her responsibilities to the court and the Arizona public. *See In re Shannon*, 179 Ariz. 52, 77, 876 P.2d

548, 573 (1994). The good moral character required for admission to the Bar "is something more than an absence of bad character"; it requires that the applicant has acted as a person "of upright character ordinarily would, should, or does." *In re Walker*, 112 Ariz. 134, 138, 539 P.2d 891, 895 (1975) (quoting *In re Farmer*, 131 S.E. 661, 663 (N.C. 1926)). Because law is a self-regulating profession, we require attorneys to demonstrate exemplary moral character.

¶16 It would "ero[de] . . . public confidence in the legal profession and the administration of justice were we to admit an applicant who is still on parole for crimes as serious as those committed by [the applicant]." *Dortch*, 860 A.2d at 348. We therefore conclude that admitting a felon currently serving deferred adjudication for a serious offense does not serve the interests of the public and legal community.

¶17 This Court does not automatically "exclude all applicants guilty of serious past misconduct from practicing law in Arizona." *King*, 212 Ariz. at 567 ¶ 29, 136 P.3d at 886. We have previously refrained from announcing *per se* disqualifications to State Bar admission. *See Hamm*, 211 Ariz. at 462 ¶ 16, 123 P.3d at 656. Today, though, we hold that an applicant currently on a felony deferred adjudication who remains under court supervision may not be admitted to practice law until the period of supervision has ended. Only after

successfully fulfilling the conditions of a felony deferred adjudication may an applicant make the necessary showing of complete rehabilitation necessary for admission to the State Bar.

### III.  CONCLUSION

¶18      Individuals currently on Texas deferred adjudication are not eligible for admission to the Arizona State Bar until they have completed their probationary term and can demonstrate complete rehabilitation.  Because Lazcano does not complete his probation until November 2013, he cannot meet his burden of proving his rehabilitation and good moral character.  We accordingly deny his application for admission to the State Bar of Arizona.

_____
Rebecca White Berch, Chief Justice

CONCURRING:


_____
Andrew D. Hurwitz, Vice Chief Justice


_____
Michael D. Ryan, Justice


_____
W. Scott Bales, Justice


_____
A. John Pelander, Justice