681 P.2d 473

The STATE of Arizona, Appellee,

v.

Richard Lynn WEBB, Appellant.

No. 2 CA–CR 3110.

Court of Appeals of Arizona,
Division 2.

Jan. 25, 1984.

Review Denied May 22, 1984.

---

2. Counsel for the husband agreed in oral argument to the two-year cutoff date.

Robert K. Corbin, Atty. Gen. by Bruce M. Ferg, Asst. Atty. Gen., Tucson, for appellee.

George Haskel Curtis, Tucson, for appellant.

## OPINION

HOWARD, Judge.

Appellant was indicted on two counts of kidnapping and five counts of child molestation. Pursuant to A.R.S. § 13–604(H) and (K) the state alleged Counts I, II, III and IV of the indictment as prior convictions to Counts V, VI and VII. Subsequent to appellant's indictment, David R. Ramage-White, a deputy county attorney, sent the following letter to Dan Cooper, an assistant public defender:

" * * *

Dear Dan:

In connection with the above-captioned case, I have been authorized to extend the following plea offer: In exchange for your client's plea of guilty to one count of child molesting as to each victim, the State will drop the allegation of priors. There is no agreement as to sentence. In addition, I need to inform you that if the case goes to trial I intend to use as prior bad acts, your client's prior arrests for child molesting. You should be receiving disclosure of the police reports regarding those prior bad acts under separate cover.

* * * "

In response, Mr. Cooper sent the following letter to Mr. Ramage-White:

" * * *

Dear David:

I have received your letter concerning Richard Webb. I will discuss your overwhelmingly generous plea offer with Richard. As I understand it, you want Richard to plead to several hard fives with no agreement that any sentence will be concurrent.

Thank you for letting me know that you intend to use Richard's prior bad acts at trial. I intend to use all of your prior bad acts at trial.

I would also like your suggestions as to which prison my 19-year-old retarded client should be placed. It is my feeling that as long as he is going to be butt-fucked for the next five to ten years we should stipulate that he be placed in maximum security at Florence so that only the biggest and meanest pricks will enter his 5′ 6″, 120 lb. frame.

I will be out of town until August 15th. Please direct any correspondence con-

cerning this case to Steve Sherick who will be covering for me. Again, thank you for your most generous offer.

\* \* \* ''

Finally, Mr. Ramage-White sent this letter to Mr. Cooper:

'' \* \* \*

Thank you for your courteous, sophisticated, and thoroughly professional letter regarding the State's plea offer in the above captioned case. Your missive brought home to me how inappropriate the plea offer really was and forced me to rethink the whole case.

I apologize for assuming that your client should actually be punished for raping two young children. No doubt I was suffering from a disassociative state when I made the offer, brought on by contemplation of the havoc Mr. Webb has brought on his most recent victims and their families, as well as the young children he assaulted several years ago.

No doubt the most desirable solution to this little misadventure of Mr. Webb's would be a quick and painless plea to probation, with some counseling to help your client recover from the trauma he experienced when arrested by those nasty, insensitive police officers. Counseling for your client's little sexual problem probably wouldn't be necessary since it obviously didn't do him any good after his first series of molests. No matter, I'm sure there are lots of little children out there who will 'understand' when Mr. Webb feels compelled by circumstances to take out his frustrations on them.

On second thought, even the above solution is inappropriate since it would require your client to come in and actually admit he may have done something wrong. Let's just try the case and the allegation of prior conviction. The plea offer is hereby withdrawn.

Thanks again for your helpful letter. I will remember it for a long time. Hopefully your client will get the same opportunity.

\* \* \* ''

Subsequently, at appellant's request, the public defender withdrew from the case and a private attorney was appointed to represent him. Appellant then entered into a plea agreement. Pursuant to this agreement, appellant pled guilty to Count I, child molestation, and Count V, also child molestation but of a victim different from the victim in Count I. The trial judge sentenced appellant to concurrent sentences of ten years in prison on Count I and fifteen years on Count V, finding that the violence involved in the crimes and appellant's prior juvenile record of child molestations were aggravating factors which warranted a sentence higher than the presumptive one.

Appellant, contending that the state was guilty of vindictive prosecution when it revoked its original plea offer and that the trial court erred in aggravating his sentence, asks this court to reinstate the original plea agreement (and presumably order the trial court to accept it) or to reduce his sentence. We affirm.

█ Due process prevents a prosecutor from charging a defendant with a higher charge because the defendant has exercised his rights. *State v. Hinton*, 123 Ariz. 575, 601 P.2d 338 (App.1979). A higher charge can be filed after a defendant has exercised his rights if a change in circumstances justifies filing the higher charge. *State v. Hinton*, supra. We do not have here a case of vindictive prosecution. The prosecutor did not charge appellant with a higher crime. He merely revoked the offer which our rules clearly allow him to do prior to acceptance by the trial judge. Rule 17.4(b), Arizona Rules of Criminal Procedure, 17 A.R.S. Furthermore, the letter by appellant's counsel of July 19, 1982, did not constitute the exercise of a right. In any event, appellant's guilty plea constituted a waiver of non-jurisdictional defenses. *State v. Miller*, 110 Ariz. 304, 518 P.2d 127 (1974).

█ In arguing for a reduction of sentence, appellant points out the fact that he was 19 years of age at the time he was convicted and has attached to his opening brief the list of other persons who have been convicted for child molestation in Pima County showing that they received

lighter sentences than he did. The trial judge is in the best position to study the defendant and his discretion in sentencing will not be disturbed except in the most unusual circumstances provided it is within statutory limits. *State v. Fristoe*, 135 Ariz. 25, 658 P.2d 825 (App.1982). Appellant has an extensive juvenile record. In 1977 in Texas he was charged with attempted rape and three counts of child molesting, each charge involving a different victim. He pled guilty to the counts and was treated as a juvenile. In 1979 he was charged with two counts of kidnapping and two counts of sexual assault on two victims. He was continued on probation, in Texas, but placed in a different facility.

The victims in this case were twelve- and thirteen-year-old males. The incidents occurred at different times and included the use of physical violence.

None of the cases cited by appellant to us in his brief compare to the facts in this case nor do any of the defendants in the other cases appear to have had the same prior record as appellant. The trial judge could have well concluded that appellant was a menace to the community and needed to be isolated from it for a long period of time.

Affirmed.