NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

JUAN MANUEL TOLANO, *Petitioner*.

No. 1 CA-CR 20-0551 PRPC
FILED 1-4-2022

Petition for Review from the Maricopa County Superior Court
No. CR2016-002031-001, CR2014-006097-001
The Honorable Gregory Como, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Amanda M. Parker
*Counsel for Respondent*

Juan Manuel Tolano, Tucson
*Petitioner*

_____

**MEMORANDUM DECISION**

Presiding Judge Peter B. Swann delivered the decision of the court, in which Judge David D. Weinzweig and Judge Paul J. McMurdie joined.

_____

**S W A N N**, Judge:

¶1        Juan Manuel Tolano petitions this court for review from the dismissal of his petition for post-conviction relief filed under Arizona Rule of Criminal Procedure 33.1.  For the following reasons, we grant review but deny relief.

¶2        The state charged Tolano, by indictments filed in 2014 and 2016, with committing multiple assaults (CR2014-006097-001) and drug crimes (CR2016-002031-001).  In 2017, Tolano accepted plea offers in both cases.  In the 2014 case, he pleaded guilty to committing aggravated assault by injuring his minor nephew.  In the 2016 case, he pleaded guilty to possessing methamphetamine, a dangerous drug.

¶3        The superior court sentenced Tolano to one year imprisonment for each conviction.  It awarded him 365 days of presentence incarceration credit toward each sentence and ordered the sentences to run concurrently with one another and with a sentence imposed in a third case (CR2014-133407-001) that is not a part of this proceeding.

¶4        Tolano filed an untimely notice of post-conviction relief, arguing that his failure to file a timely petition was not his fault.  Tolano alleged that he was transferred facilities and did not have access to legal materials to file the notice in a timely manner. The superior court appointed counsel to represent him in his petition for post-conviction relief.  After Tolano's attorney stated he could find no viable claim to pursue in either case, Tolano filed a petition for post-conviction relief *in propria persona*.

¶5        With respect to the 2014 assault case, Tolano asserted he was selectively prosecuted in violation of his right to equal protection.  Tolano also argued that defense counsel provided ineffective assistance by not reviewing discovery materials—which allegedly revealed evidence of Tolano's discriminatory treatment and credibility issues on the part of victims and witnesses.  Tolano contended that because defense counsel did not evaluate the discovery, he was "not in a position to make the best nor

even a reasonably informed decision" whether to plead guilty. With respect to the 2016 drug case, Tolano proposed that after he rejected plea offers in the 2014 cases that were then pending, the state violated his rights to due process and equal protection by intentionally targeting him with an unconstitutional stop and search and then initiating a vindictive prosecution against him based on the drug evidence it unlawfully obtained. Tolano also argued that his pleas in both cases were involuntary because he entered them "under duress," believing "he would not get a fair shake" if he went to trial.

¶6　　　　The superior court summarily dismissed Tolano's petition and denied his motion for reconsideration. Tolano seeks review of those decisions, asserting he has raised a colorable claim that his guilty pleas were not voluntarily made.

¶7　　　　The superior court may summarily dismiss a petition for post-conviction relief if the defendant fails to "present[ ] a material issue of fact or law that would entitle the defendant to relief" under one or more of the enumerated grounds for post-conviction relief. Ariz. R. Crim. P. 33.11(a). We consider a challenge to the court's summary dismissal for an abuse of discretion. *State v. Gutierrez*, 229 Ariz. 573, 577, ¶ 19 (2012).

¶8　　　　"A plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence." *United States v. Broce*, 488 U.S. 563, 569 (1989). Given "the admissions inherent" in a guilty plea, *id.* at 576, a defendant who "voluntarily and knowingly pleads guilty" waives "all non-jurisdictional defenses, defects and irregularities in the proceedings." *State v. Nicholson*, 109 Ariz. 6, 8 (1972). Accordingly, a defendant convicted after a plea is limited to challenging "whether the underlying plea was both counseled and voluntary" or whether "on the face of the record the court had no power to enter the conviction or impose the sentence." *Broce*, 488 U.S. at 569.

¶9　　　　Tolano's claims that the state selectively and vindictively prosecuted him, and that it violated his Fourth Amendment rights, are non-jurisdictional defenses that he waived by pleading guilty. *See Tollett v. Henderson*, 411 U.S. 258, 267 (1973) ("When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea."); *State v. Murphy*, 97 Ariz. 14, 15 (1964) (holding that a defendant's guilty plea forecloses challenges to the legality of a search

or seizure); *State v. Webb*, 140 Ariz. 321, 323 (App. 1984) (holding that a vindictive prosecution claim is a non-jurisdictional defense waived by a guilty plea).

¶10　　　　A guilty plea does not bar a claim "that counsel's ineffective assistance led the defendant to make an uninformed decision to accept . . . a plea bargain, thereby making his or her decision involuntary." *State v. Banda*, 232 Ariz. 582, 585, ¶ 12 (App. 2013). To establish such a claim, the defendant must show that counsel's performance "fell below an objective standard of reasonableness" and "there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 57, 59 (1985) (citation and internal quotation marks omitted). The showing of prejudice requires the defendant to allege "specific facts which would allow a court to meaningfully assess why [counsel's] deficiency was material to the plea decision." *State v. Bowers*, 192 Ariz. 419, 425, ¶ 25 (App. 1998).

¶11　　　　Here, Tolano's ineffective-assistance claim is based on his conclusory assertion that none of his defense attorneys ever reviewed the discovery in the 2014 assault case. Assuming for the sake of argument that this unsubstantiated claim is correct, it is not colorable because Tolano fails to demonstrate that counsel's alleged incompetence led him to plead guilty rather than proceed to trial. *See id.* Tolano acknowledges in his petition for post-conviction relief that he knew the contents of the discovery when he decided to plead guilty. When he entered the plea, he confirmed that he had sufficient time to discuss it with his attorney and that the attorney had answered all his questions. He also admitted that he had committed the charged offense. "Such '[s]olemn declarations in open court carry a strong presumption of verity,' and 'constitute a formidable barrier' in a subsequent challenge to the validity of the plea." *State v. Leyva*, 241 Ariz. 521, 525, ¶ 12 (App. 2017) (quoting *Blackledge v. Allison*, 431 U.S. 63, 73–74 (1977)). Because Tolano does not articulate, and the record does not otherwise disclose, how defense counsel's review of the discovery would have altered Tolano's decision to plead guilty, he fails to establish a colorable claim.

¶12　　　　Tolano did not waive his claim that he pleaded guilty by reason of duress. *See State v. Murray*, 101 Ariz. 469, 469 (1966) ("A showing that a plea of guilty was induced by fraud or duress is clearly grounds for setting aside a judgment on the plea."). But the superior court permissibly denied relief. Tolano told the court that nobody had forced him to plead guilty, and the record shows no evidence to the contrary. The only concern Tolano expressed during the change-of-plea proceeding was that he receive

the stipulated sentence of time served without any additional incarceration or term of probation. On this record, Tolano's claim that he pleaded guilty because he believed he would not receive a fair trial is unconvincing and does not demonstrate that his plea was procured by duress. *See Leyva*, 241 Ariz. at 525, ¶ 12; *see also United States v. Jimenez-Dominguez*, 296 F.3d 863, 869 (9th Cir. 2002) ("Although it is difficult to probe the highly subjective state of mind of a criminal defendant, the best evidence of his understanding when pleading guilty is found in the record of the [change-of-plea] colloquy"); *United States v. Pellerito*, 878 F.2d 1535, 1541–42 (1st Cir. 1989) (distinguishing between the defendant's motivation to plead guilty and whether the plea was involuntary because it was the product of duress).

**¶13**        Accordingly, we grant review but deny relief.

